(No. 73964.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appel-
lant, v. MARK DAVIS, Appellee.

*Opinion filed August 26, 1993.*

HARRISON, J., took no part.

Roland W. Burris, Attorney General, of Springfield, and Paula Phillips, State's Attorney, of Effingham (Rosalyn B. Kaplan, Solicitor General, Terence M. Madsen and Michael M. Glick, Assistant Attorneys General, of Chicago, and Norbert J. Goetten, Stephen E. Norris, and Gerry R. Arnold, of the Office of the State's Attorneys Appellate Prosecutor, of Mt. Vernon, of counsel), for the People.

Daniel M. Kirwan, Deputy Defender, and E. Joyce Randolph, Assistant Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

Following a jury trial in the circuit court of Effingham County, defendant, Mark Davis, was found guilty of

unlawful possession of cannabis (Ill. Rev. Stat. 1987, ch. 56½, par. 704(c)), and unlawful possession with intent to deliver cannabis (Ill. Rev. Stat. 1987, ch. 56½, par. 705(c)). The trial court imposed a single sentence of 18 months' probation, conditioned upon his serving 72 days of periodic imprisonment and payment of: (1) $1,040 in fines and court costs, (2) $160, the street value of the illegal drugs, and (3) a $25 monthly probation fee. No post-trial motions were filed and no appeal was taken.

In January 1990, defendant filed a *pro se* post-conviction petition under the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*), in which he alleged that, prior to his trial, the prosecuting attorney engaged in a telephone conversation with a person who later served as a juror in defendant's trial. The prosecutor failed to disclose the communication to defendant, resulting in a violation of defendant's right to a fair and impartial trial. Post-conviction counsel was appointed and an amended petition was filed on defendant's behalf. The amended petition alleged that, as a result of the undisclosed conversation, defendant was denied due process, effective assistance of counsel, and a fair trial. (U.S. Const., amends. V, VI, XIV; Ill. Const. 1970, art. I, §§2, 8.) No additional claims were raised in the amended petition. Following an evidentiary hearing, the trial court denied defendant's petition for post-conviction relief.

Defendant appealed the denial to the appellate court. The appellate court remanded the cause to the trial court with instructions to vacate the judgment for unlawful possession of cannabis and appoint post-conviction counsel to comply with the requirements of Rule 651(c) (134 Ill. 2d R. 651(c)). 229 Ill. App. 3d 869.

We granted the State's petition for leave to appeal (134 Ill. 2d R. 315(a)), and now reverse the appellate court.

## DISCUSSION

## CONVICTION ON THE LESSER
## INCLUDED OFFENSE

On appeal of the denial of post-conviction relief, the appellate court noted that unlawful possession of cannabis is a lesser included offense of possession of cannabis with intent to deliver. (See Ill. Rev. Stat. 1987, ch. 38, par. 2—9(a); *People v. Jones* (1992), 149 Ill. 2d 288, 293.) The court held that defendant's conviction for the lesser offense of possession was void and, therefore, vacated the conviction.

The State concedes that the conviction on the lesser included offense is improper. (See *People v. Lewis* (1980), 83 Ill. 2d 296; *People v. King* (1977), 66 Ill. 2d 551.) Nonetheless, the State contends that the appellate court erred by vacating defendant's conviction. Defendant urges that the appellate court's vacatur of the improper conviction was proper. It is his contention that the conviction offends the constitutional prohibition against double jeopardy. U.S. Const., amends. V, XIV; Ill. Const. 1970, art. I, §10.

The whole of the State's argument, with respect to the improper conviction, is intended to preclude our consideration of the issue. We consider first the State's argument that the appellate court lacked jurisdiction to address the issue of the improper conviction. It is the State's position that because no sentence was entered on the conviction for the lesser included offense, there is no final, appealable judgment. (See *People v. Rose* (1969), 43 Ill. 2d 273, 278; *People ex rel. Filkin v. Flessner* (1971), 48 Ill. 2d 54.) In support of its position that no sentence was entered, the State points out that the "Probation Order" form notes only the conviction for

the greater offense, unlawful possession with intent to deliver.

We disagree with the State's reasoning. The "Probation Order" form is not dispositive. Further, it appears to us that the abbreviated statement of the conviction on the form results for no other reason than lack of space.

The "Judgment and Sentence" was entered in the record on May 26, 1989, and signed by the sentencing judge. On one line of the "Judgment and Sentence" form, it states that "defendant is guilty of the crime of Unlawful Possession with Intent to Deliver Cannabis." On the very next line, the form states "Unlawful Possession of Cannabis." The parties do not contend that defendant was not convicted of both offenses.

The sentence imposed, which is also entered on the "Judgment and Sentence" form, is general; the entry does not designate that the sentence is for a particular offense or count. We are, therefore, unable to conclude that the general sentence is solely for the greater offense. However, because the "Judgment and Sentence" recites defendant's conviction for both offenses, we believe it to be a reasonable conclusion that the sentence pertains to both offenses. We conclude that the judgment was final, and that the appellate court's jurisdiction was, therefore, proper.

The State next argues that the improper conviction does not rise to the level of constitutional error. It is the State's contention that because defendant was not sentenced on both convictions, there was no multiple punishment as prohibited by the double jeopardy clause. (See *Brown v. Ohio* (1977), 432 U.S. 161, 53 L. Ed. 2d 187, 97 S. Ct. 2221.) Therefore, the State contends, defendant's improper-sentencing argument is a "sham," and not cognizable under the Act. Defendant takes the position that because the improper conviction implicates double jeopardy concerns, this court may properly notice

and vacate it in the context of this post-conviction proceeding.

In light of our conclusion that the sentence imposed pertained to both convictions, we reject the State's argument.

Further, defendant maintains, the improper conviction issue does not depend, for its viability, on the Post-Conviction Hearing Act because the conviction constitutes a void judgment. Defendant finds support for the conclusion that the judgment is void in various opinions rendered by our appellate court. (See *People v. Johnson* (1990), 200 Ill. App. 3d 1018; *People v. Rodriguez* (1988), 169 Ill. App. 3d 131, 139; see also *People v. Perruquet* (1989), 181 Ill. App. 3d 660 (sentence in excess of what statute permits is void).) The State argues that the improper conviction constitutes a voidable judgment which is not subject to collateral attack. See *People v. Holder* (1991), 213 Ill. App. 3d 109 (claim that multiple convictions were improper can be waived by failure to raise the issue in the trial court); accord *People v. Schaefer* (1989), 188 Ill. App. 3d 317; *People v. Gray* (1988), 171 Ill. App. 3d 860.

The term "void" is so frequently employed interchangeably with the term "voidable" as to have lost its primary significance. Therefore, when the term "void" is used in a judicial opinion it is necessary to resort to the context in which the term is used to determine precisely the term's meaning. Whether a judgment is void or voidable presents a question of jurisdiction. (*Herb v. Pitcairn* (1943), 384 Ill. 237, 241.) Jurisdiction is a fundamental prerequisite to a valid prosecution and conviction. Where jurisdiction is lacking, any resulting judgment rendered is void and may be attacked either directly or indirectly at any time. (5 Callaghan's Illinois Criminal Procedure §39.09 (1971).) By contrast, a voidable judgment is one entered erroneously by a court having jurisdiction and is

not subject to collateral attack. See 5 Callaghan's Illinois Criminal Procedure §39.09 (1971).

In Illinois, jurisdiction is conferred by the constitution. (*People v. Gilmore* (1976), 63 Ill. 2d 23.) Pursuant to article VI, section 9, of our constitution, the circuit courts have jurisdiction over all justiciable matters. (Ill. Const. 1970, art. VI, §9.) As applied in the context of criminal proceedings, the term "subject matter" jurisdiction means the power to hear and determine a given case. 22 C.J.S. *Criminal Law* §149 (1989).

Some authorities, including this court, have held that the power to render the particular judgment or sentence is as important an element of jurisdiction as is personal jurisdiction and subject matter jurisdiction. Without such power the judgment or sentence is void. (See *People ex rel. Rice v. Appellate Court* (1971), 48 Ill. 2d 195, 197; *Thayer v. Village of Downers Grove* (1938), 369 Ill. 334, 339; 22 C.J.S. *Criminal Law* §150 (1989); H. Black, The Law of Judgments §258 (1891).) However, jurisdiction or power to render a particular judgment does not mean that the judgment rendered must be the one that should have been rendered, for the power to decide carries with it the power to decide wrong as well as to decide right. *People v. Kidd* (1947), 398 Ill. 405, 409; 49 C.J.S. *Judgments* §19, at 50 n.40 (1947), citing *United States v. United States Fidelity & Guaranty Co.* (E.D. Okla. 1938), 24 F. Supp. 961.

Generally, once a court has acquired jurisdiction, no subsequent error or irregularity will oust the jurisdiction thus acquired. Accordingly, a court may not lose jurisdiction because it makes a mistake in determining either the facts, the law or both. (22 C.J.S. *Criminal Law* §176 (1989).) However, a judgment or decree may be void where a court has exceeded its jurisdiction. *Armstrong v. Obucino* (1921), 300 Ill. 140, 142-43; see, *e.g.*, *People*

*v. McCarty* (1983), 94 Ill. 2d 28; *People v. Edge* (1950), 406 Ill. 490.

Defendant's reasoning, although not expressly articulated, is that because the constitution prohibits multiple punishments for the same offense, the improper conviction on the lesser offense, coupled with the conviction on the greater offense, exceeds constitutional authority. Clearly, the infringement of certain fundamental rights, like due process and equal protection, is constitutionally impermissible. However, although violation of such rights may present a proper subject for an exercise of the court's jurisdiction, the rights do not, themselves, vest a court with subject matter jurisdiction. See 21 C.J.S. *Courts* §9 (1990) (jurisdiction is subject which relates to power of court and not to rights of parties).

Our constitution confers upon the circuit courts a general grant of authority to hear and decide all matters of controversy. Such jurisdiction is not defined by the propriety of the court's judgments. "There are many rights belonging to litigants—rights which a court may not properly deny, and yet which if denied do not oust the jurisdiction or render the proceedings absolutely null and void." (*Humphries v. District of Columbia* (1899), 174 U.S. 190, 194, 43 L. Ed. 944, 945, 19 S. Ct. 637, 639.) Significantly, this court has held that the constitutional right to not be twice put in jeopardy for the same offense is a personal privilege which may be waived. *People v. Scales* (1960), 18 Ill. 2d 283, 285.

In this case, jurisdiction over the defendant, as well as over the subject matter, was proper. The court had authority to enter conviction and sentence on either of the charged offenses (see *People v. Donaldson* (1982), 91 Ill. 2d 164, 170; *People v. King* (1977), 66 Ill. 2d 551, 566), and judgment on both was, merely, error. Nevertheless, the court's erroneous judgment was insufficient to effect divestiture of the court's jurisdiction. The judg-

ment was, therefore, voidable and is not subject to collateral attack. See *People v. Stueve* (1977), 66 Ill. 2d 174, 179 (where subject matter and personal jurisdiction proper, judgment on multiple convictions, though improper, not void).

In further response to the State's argument that the improper conviction is not properly before this court, defendant contends that trial counsel's failure to challenge the propriety of the conviction on the lesser offense supports his claim of ineffective assistance of counsel. Barring that claim, defendant urges post-conviction counsel's ineffectiveness for failure to argue trial counsel's ineffectiveness. The State responds that because defendant failed to raise the improper-conviction issue either at trial, on appeal or in his post-conviction petition, the issue is waived.

Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived. (Ill. Rev. Stat. 1987, ch. 38, par. 122—3; see also *People v. Flores* (1992), 153 Ill. 2d 264, 274.) Where fundamental fairness so requires, however, strict adherence to the rule of waiver may be avoided. *People v. Flores* (1992), 153 Ill. 2d 264, 274; *People v. Hamby* (1965), 32 Ill. 2d 291, 294, citing *People v. Davies* (1933), 354 Ill. 168.

In this case, defendant took no appeal from his conviction and sentence. That fact, however, does not bar defendant's ineffective-assistance claims. While a petitioner waives, by failure to appeal, those rights based on mere error in the trial, he is still entitled to assert those constitutional rights which the Act is designed to protect and preserve. *People v. Rose* (1969), 43 Ill. 2d 273, 279.

However, an issue is not preserved, for purposes of post-conviction relief, merely by framing it in the context of a constitutional claim. Here, it is the improper conviction which underlies defendant's ineffectiveness

claims. The improper conviction was not presented in defendant's post-conviction petition and defendant makes no claim of any impediment to post-conviction counsel's ability to do so. Because the improper conviction, which now forms the basis of defendant's claim of ineffective assistance of trial counsel, was not raised below it is waived. Further, in *Flores*, this court held that post-conviction assistance of counsel is a creation of statute; such assistance is not the assistance of counsel contemplated by the sixth amendment. (*Flores*, 153 Ill. 2d at 276.) Consequently, defendant may not properly assert a claim of ineffective assistance of post-conviction counsel.

Finally, defendant asserts that this court has, in the past, noticed improper concurrent sentences as plain error (see *People v. Cox* (1972), 53 Ill. 2d 101), and may do so in this case.

This court has more recently held that, in post-conviction proceedings, the plain error rule may not be invoked to save procedurally defaulted claims. (See *People v. Owens* (1989), 129 Ill. 2d 303, 316-17; *People v. Free* (1988), 122 Ill. 2d 367, 377-78.) Thus, we may not, as defendant urges, consider the improper conviction on this basis. Further, to the extent that *Cox*, 53 Ill. 2d 101, conflicts with *Owens* and *Free*, it is overruled.

In sum, the defendant's improper conviction on the lesser included offense, which was challenged for the first time on appeal from the denial of post-conviction relief, constituted a voidable judgment which is not subject to collateral attack. Defendant's claim of ineffective assistance of trial counsel, which was not raised in his post-conviction petition, is waived. Further, defendant's claim of ineffective assistance of post-conviction counsel is not cognizable under the Post-Conviction Hearing Act. Finally, in the context of post-conviction proceedings, plain error is not available to attack an improper sen-

tence. Thus defendant's improper conviction has not been properly preserved for review.

Despite our conclusion that defendant has waived the improper-conviction issue, in the exercise of our supervisory authority, we vacate defendant's conviction on the lesser offense of possession. We do so out of an awareness that the effects of the improper conviction are not confined to this trial and sentence. Defendant may be subject to future prejudice as a result of the improper convictions. In the unfortunate event of a future encounter with the criminal justice system, the improper conviction could likely affect decisions with respect to the setting of bond and sentencing, as well as parole opportunities. This is so regardless of whether an improper sentence has also been imposed. Significantly, the improper conviction appears on defendant's presentence investigation report as well as on the court's record sheet.

Because of the prejudicial effect on defendant, we vacate the erroneous conviction and sentence of unlawful possession of cannabis. Further, as we are unable to discern what portion of defendant's sentence impermissibly pertains to the lesser offense, we remand this cause to the trial court for resentencing.

Notably, in cases where improper sentences have been imposed on both the lesser and greater offenses, this court has vacated those sentences in the interests of maintaining an orderly administration of justice (see *People v. Scott* (1969), 43 Ill. 2d 135 (post-conviction proceeding)), or to prevent any resulting prejudice in connection with the defendant's application for parole (see *People v. Duszkewycz* (1963), 27 Ill. 2d 257 (direct appeal); *People v. Schlenger* (1958), 13 Ill. 2d 63 (direct appeal)). We are aware that in these cases, the improper-sentence issues appear to have been properly preserved for review. The courts' supporting rationales in vacating the sentences are, nonetheless, applicable here.

## COMPLIANCE WITH RULE 651(c)

Upon filing defendant's appeal from the denial of post-conviction relief, post-conviction counsel filed a certificate of compliance in which he stated that he had "examined the record of proceedings at the trial which were available to [him] for an adequate presentation of the Petitioner's contentions on appeal." (See 134 Ill. 2d R. 651(c).) Attached to defendant's amended post-conviction petition, as "Petitioner's Exhibit D," is the transcript of the *voir dire* examination at defendant's trial. It is this portion of the transcript which counsel examined for purposes of presenting defendant's post-conviction claim.

On appeal from the denial of post-conviction relief, the appellate court held that because counsel failed to review the entirety of defendant's trial transcript, defendant did not receive the assistance of counsel as contemplated by Rule 651(c) (134 Ill. 2d R. 651(c)). The court, therefore, remanded the cause to the trial court for the appointment of counsel to provide representation in compliance with the requirements of the rule.

The State contends that Rule 651(c) does not require, for compliance, that appointed counsel review the defendant's entire trial transcript. Defendant, on the other hand, argues that complete examination is required and had counsel done so, other infirmities in the trial proceedings, as well as the improper conviction, could have been raised in the amended post-conviction petition. In that regard, defendant notices that post-conviction counsel did not examine the trial transcript, the sentencing transcript or the probation revocation transcript.

We express no opinion concerning the relevance of the unexamined transcripts to defendant's claim concerning the undisclosed communication. We note, however,

that the post-conviction court decided that issue against defendant, and no contention is here raised that the issue was incorrectly decided. Defendant's only argument is that counsel's limited examination of the transcript resulted in counsel's inability to present other potential claims.

This court recently defined the scope of post-conviction counsel's duty under Rule 651 with respect to amendments to a petitioner's *pro se* petition. (See *People v. Johnson* (1993), 154 Ill. 2d 227.) We now consider counsel's duty with respect to the rule's requirement concerning examination of transcripts of proceedings at trial.

Rule 651(c) provides, in pertinent part:

> "The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights, *has examined the record of the proceedings at the trial*, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." (Emphasis added.) 134 Ill. 2d R. 651(c).

It is settled that a defendant has no constitutional right to the assistance of counsel in post-conviction proceedings. (*Flores*, 153 Ill. 2d at 276.) Our legislature, however, has provided by statute for the appointment of counsel to indigent defendants who file *pro se* post-conviction petitions. (*People v. Johnson* (1993), 154 Ill. 2d 227, 237; Ill. Rev. Stat. 1991, ch. 38, par. 122—4.) To assure that a petitioner's complaints have been adequately presented, the Act contemplates that appointed counsel will ascertain the bases of the post-conviction petitioner's complaints, shape those complaints into appropriate legal form, and present them to the court. *People v. Owens* (1990), 139 Ill. 2d 351, 359.

Post-conviction counsel's duty, with respect to the examination of transcripts, is defined by the procedure in the Act for the disposition of post-conviction petitions. Under the Act, once a petitioner files his petition, the post-conviction court examines the petition and enters an order thereon. (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1.) If the court determines that the petition is frivolous or is without merit, it shall summarily dismiss the petition. (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1.) If the petition is not dismissed pursuant to section 122—2.1, and the petitioner requests the appointment of counsel, when appropriate the court may so appoint. Compare Ill. Rev. Stat. 1987, ch. 38, par. 122—4, with Ill. Rev. Stat. 1983, ch. 38, par. 122—4 (1983 version of the provision does not include the conditional language as in the 1987 version).

As is apparent, the most critical stage in the post-conviction process, under our Act, is the point at which the original petition, the first pleading, is considered by the post-conviction court. This is so because it is at this stage of the proceedings that the court determines whether the proceedings should go forward or end. (See Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1.) However, the Act makes no provision for the appointment of counsel until after that threshold determination has been made. (See Ill. Rev. Stat. 1987, ch. 38, par. 122—4.) It stands to reason that if a petitioner, even at this critical juncture in the proceeding, is not entitled to the advocacy of counsel for purposes of exploration, investigation and formulation of potential claims, then no such duty arises once counsel is actually appointed.

The procedure demonstrates that it is the substance of the *petitioner's* claims, in his initial post-conviction pleading, which, in the first instance, determines the fate of the petitioner's claims. The post-conviction court's determination concerning the merit of those claims is based solely upon the *petitioner's* articulation of the same.

Post-conviction counsel is only required to investigate and properly present the *petitioner's* claims. Had the legislature intended otherwise, it would, logically, have provided for the appointment of counsel prior to the filing of the original petition. Counsel's responsibility is to adequately present those claims which the *petitioner* raises.

The point is made clearer by considering, for example, a case where the post-conviction court summarily dismisses an original petition for lack of merit. In such case, the court rules upon the original petition based solely upon the substance of the claims as presented by the petitioner. No attorney is appointed, either prior to or after the court's determination, to examine the record for claims which could have been, but were not, asserted. Yet, it is conceivable that substantial constitutional claims exist which the petitioner, as a layperson, would not have perceived. The same may be true where the court determines that, although the petitioner's original claims have merit, the petitioner is not entitled to appointed counsel. The post-conviction court may, nonetheless, properly dismiss the petition without regard to the existence of such other claims. See Ill. Ann. Stat., ch. 110A, par. 651, Supplement to Historical & Practice Notes, at 73-74 (Smith-Hurd Supp. 1992); see also *People v. Porter* (1988), 122 Ill. 2d 64, 73-76.

We conclude that Rule 651(c) does not require, for substantial compliance, that appointed post-conviction counsel examine the entirety of a petitioner's trial proceedings. Neither does the rule preclude such examination. Consistent with the purpose of post-conviction proceedings and the requirements of Rule 651(c), we hold that appointed counsel is required to examine as much of the transcript of proceedings as is necessary to adequately present and support those constitutional claims raised by the petitioner. A contrary conclusion would result in disparate treatment between petitioners who, because they are able to initially

articulate a meritorious claim, receive the benefit of complete examination of the trial proceedings, and those who, because they fail to state such a claim, merely have their petitions summarily dismissed.

Here, post-conviction counsel averred that he had examined the record of the proceedings which were made available to him for an adequate representation of defendant's claims. Exhibits attached to the amended post-conviction petition included, *inter alia*, the transcript of the *voir dire* examination at defendant's trial and the affidavit of the juror who engaged in the undisclosed communication. Defendant does not suggest that additional portions of the trial transcript would have supported his claim with respect to the undisclosed communication between the juror and the prosecutor. Because counsel was not required to examine more than that portion of the proceedings necessary to adequately present defendant's claim, we find substantial compliance with the rule.

## CONCLUSION

For all the foregoing reasons, we reverse the judgment of the appellate court. Further, in the exercise of this court's supervisory authority, we vacate defendant's conviction and sentence for the offense of unlawful possession of cannabis and remand this cause to the circuit court for resentencing on the greater offense of unlawful possession of cannabis with intent to deliver.

*Appellate court reversed;*
*convictions affirmed in part and vacated in part;*
*sentence vacated;*
*cause remanded.*

JUSTICE HARRISON took no part in the consideration or decision of this case.