# Illinois Official Reports

## Appellate Court

---

## *People v. Garry*, 2017 IL App (4th) 150373

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TYREK GARRY, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-15-0373 |
| Filed | August 22, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Macon County, No. 99-CF-940; the Hon. Thomas E. Griffith, Jr., Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Peter A. Carusona, and Jay Wiegman, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>Jay Scott, State's Attorney, of Decatur (Patrick Delfino and Charles G. Reynard, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE STEIGMANN delivered the judgment of the court, with opinion.<br>Justices Appleton and Knecht concurred in the judgment and opinion. |

**OPINION**

¶ 1    In November 1999, a jury found defendant, Tyrek Garry, guilty of home invasion (720 ILCS 5/12-11 (West 1998)), armed robbery (720 ILCS 5/18-2(a) (West 1998)), and armed violence (720 ILCS 5/33A-2, 12-4(a) (West 1998)). The trial court sentenced him to 40 years in prison for armed violence and 20 years each for home invasion and armed robbery, with all sentences to be served concurrently. We affirmed defendant's convictions on direct appeal. *People v. Garry*, 323 Ill. App. 3d 292, 752 N.E.2d 1244 (2001).

¶ 2    In May 2001, defendant *pro se* filed a petition for postconviction relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 to 122-8 (West 2000)). The trial court granted the State's motion to dismiss the petition. We affirmed. *People v. Garry*, No. 4-04-0310 (2005) (unpublished order under Supreme Court Rule 23).

¶ 3    In January 2015, defendant filed a petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2014)), arguing that his convictions for armed violence and home invasion violated the one-act, one-crime rule and were therefore void. In April 2015, the trial court *sua sponte* dismissed defendant's petition.

¶ 4    Defendant appeals, arguing that the trial court's *sua sponte* dismissal was premature because the State was not properly served with the petition. We reject that argument. In addition, we conclude that defendant's petition was untimely and, therefore, we do not reach the merits of defendant's one-act, one-crime claim. We affirm the trial court's dismissal of defendant's petition.

¶ 5                              I. BACKGROUND
¶ 6                    A. Defendant's Convictions and Direct Appeal
¶ 7    In July 1999, the State charged defendant with home invasion (720 ILCS 5/12-11 (West 1998)), armed robbery (720 ILCS 5/18-2(a) (West 1998)), and armed violence (720 ILCS 5/33A-2, 12-4(a) (West 1998)). After the November 1999 trial, the jury found defendant guilty of all three charges. The trial court sentenced defendant to 40 years in prison for armed violence and 25 years each for armed robbery and home invasion, all sentences to be served concurrently. In July 2001, we affirmed defendant's convictions and sentences. *Garry*, 323 Ill. App. 3d 292, 752 N.E.2d 1244.

¶ 8                    B. The May 2001 Postconviction Petition
¶ 9    In May 2001, defendant filed a petition for postconviction relief. In it, he argued that the trial court erred by imposing an extended-term sentence for armed violence, when armed violence was not the most serious offense for which he was convicted. The court appointed counsel, who filed an amended petition. The State filed a motion to dismiss, which the court granted. On appeal, we affirmed after granting appellate counsel's motion to withdraw because no meritorious issue could be raised on appeal. *Garry*, No. 4-04-0310.

¶ 10                   C. The January 2015 Petition for Relief From Judgment
¶ 11    In January 2015, defendant filed the section 2-1401 petition at issue in this appeal. In it, he argued that his armed violence conviction was void because it was based on the same act

that supported his conviction for home invasion, in violation of the one-act, one-crime rule. See *People v. King*, 66 Ill. 2d 551, 363 N.E.2d 838 (1977).

¶ 12    Attached to defendant's petition was a document titled "Notice of Filing," which included the following section, titled "Proof of Service by Mail":

"I, Tyrek Garry, pro-se litigant, certify that I served this notice by mailing a [*sic*] to _____ at the address above[,] depositing the same in the United States mail at Lawrence Corr. Center on [January] 21, 2015 with proper postage paid."

The only address listed above was the address of the Macon County circuit clerk.

¶ 13    In April 2015, the trial court *sua sponte* dismissed defendant's section 2-1401 petition, determining that no one-act, one-crime issue existed.

¶ 14    This appeal followed.

¶ 15                                   II. ANALYSIS

¶ 16    Defendant raises the following alternative arguments: (1) the trial court *sua sponte* dismissed defendant's section 2-1401 petition before it was ripe for adjudication because defendant never served the petition on the State and (2) the trial court's dismissal was incorrect on the merits because two of defendant's convictions violated the one-act, one-crime rule. We disagree with defendant's first argument. We do not reach his second argument because his petition was untimely. We therefore affirm the trial court's judgment.

¶ 17            A. The Trial Court's *Sua Sponte* Dismissal of Defendant's
                            Section 2-1401 Petition

¶ 18    Defendant argues that the trial court *sua sponte* dismissed his section 2-1401 petition before it was ripe for adjudication because he never served the petition on the State. For the following reasons, we reject this argument.

¶ 19                    1. *Section 2-1401 Petitions, in General*

¶ 20    Section 2-1401 of the Code establishes a procedure by which to vacate final judgments that are more than 30 days old. 735 ILCS 5/2-1401 (West 2014). "Relief under section 2-1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition." *People v. Vincent*, 226 Ill. 2d 1, 7-8, 871 N.E.2d 17, 22 (2007). The petition must be filed no later than two years after the entry of the contested judgment. 735 ILCS 5/2-1401(c) (West 2014). An exception to the two-year deadline applies when the petition challenges a void judgment. 735 ILCS 5/2-1401(f) (West 2014).

¶ 21    Although section 2-1401 petitions may be used to attack criminal judgments, they are civil pleadings, "subject to the usual rules of civil practice." *Vincent*, 226 Ill. 2d at 6, 871 N.E.2d at 22. When filing a section 2-1401 petition, "[a]ll parties to the petition shall be notified as provided by rule." 735 ILCS 5/2-1401(b) (West 2014). Illinois Supreme Court Rule 106 (eff. Aug. 1, 1985) requires that notice of filing a section 2-1401 petition shall comply with the methods provided by Illinois Supreme Court Rule 105 (eff. Jan. 1, 1989). Rule 105(a) provides that the notice must inform the recipient party that a new pleading has been filed against him and that a default judgment may be entered if the recipient party does

not respond within 30 days of service. Ill. S. Ct. R. 105(a) (eff. Jan. 1, 1989).

¶ 22                    2. *The Authority of Trial Courts to* Sua Sponte *Dismiss*
                                *Section 2-1401 Petitions*

¶ 23        In a series of cases decided over the past 10 years, the supreme court has clarified the power of trial courts to *sua sponte* dismiss a petitioner's section 2-1401 petition.

¶ 24        In *Vincent*, 226 Ill. 2d at 9, 871 N.E.2d at 23, the supreme court held that a respondent's failure to answer a section 2-1401 petition within 30 days constituted "an admission of all well-pleaded facts" contained in the petition. At that point, a trial court can dismiss the petition "when it is clear on its face that the requesting party is not entitled to relief as a matter of law." *Id.* at 12, 871 N.E.2d at 25. The *Vincent* court rejected the petitioner's claim that the trial court was required to give the petitioner notice and an opportunity to respond prior to the trial court's dismissal of the section 2-1401 petition. *Id.* at 12-14, 871 N.E.2d at 25-26. In sum, "the State's choice to forgo filing an answer stands as an admission of all well-pleaded facts, which allowed the circuit court to render judgment on the pleadings alone." *Id.* at 14, 871 N.E.2d at 26.

¶ 25        In *People v. Laugharn*, 233 Ill. 2d 318, 323, 909 N.E.2d 802, 805 (2009), the trial court *sua sponte* dismissed a defendant's section 2-1401 petition *before* the State's 30-day response period had expired. The supreme court reversed, concluding that the petition was not yet "ripe for adjudication." *Id.* The *Laugharn* court explained that "[w]hile *Vincent* allows for *sua sponte* dismissals of section 2-1401 petitions, it did not authorize such action prior to the expiration of the 30-day period." *Id.* The court concluded that dismissing the petition before the State had its full opportunity to respond "short-circuited the proceedings and deprived the State of the time it was entitled to answer or otherwise plead." *Id.*

¶ 26        Most recently, in *People v. Matthews*, 2016 IL 118114, ¶ 4, 76 N.E.3d 1233, the trial court *sua sponte* dismissed the defendant's section 2-1401 petition more than 30 days after it was filed. On appeal, the defendant argued that the State's 30 days to respond to the petition never began to run because the defendant failed to properly serve the petition on the State. *Id.* ¶ 5. The defendant argued that, under *Laugharn*, the petition was therefore not ripe for adjudication. *Id.* ¶ 8.

¶ 27        The *Matthews* court held that the defendant was estopped from using his own failure to serve the State as support for his claim of error. *Id.* ¶¶ 13-15. The supreme court reasoned that, in the trial court, the defendant had filed a proof-of-service document claiming that he properly served his petition on the State. *Id.* ¶ 14. In addition, allowing a defendant to make an argument about lack of service "would effectively revoke the State's power to waive service in these cases." *Id.* ¶ 15. Further, allowing a defendant to raise such a challenge would grant him a " 'second bite of the apple.' " *Id.* (quoting *People v. Alexander*, 2014 IL App (4th) 130132, ¶ 46, 23 N.E.3d 621). Finally, the service requirements of Rule 105 were not designed "to allow a petitioner to object to lack of service on behalf of the opposing party." *Id.*

¶ 28                    3. *The Trial Court's* Sua Sponte *Dismissal in This Case*

¶ 29        Here, the trial court *sua sponte* dismissed defendant's section 2-1401 petition nearly three months after it was filed. However, defendant argues that he never served the petition on the

State and, therefore, the 30 days for the State to respond never began to run. Defendant thus argues that *Laugharn* proscribes the court's *sua sponte* dismissal of his petition because the petition was not ripe for adjudication.

¶ 30 We conclude that this case is more like *Matthews* than *Laugharn*. Here, the State's 30 days to respond never began *because defendant failed to properly serve the State*. That was the characteristic that distinguished *Matthews* from *Laugharn*. As the *Matthews* court concluded, Rule 105 was not designed "to allow a petitioner to object to lack of service on behalf of the opposing party." *Id.* As did the *Matthews* court, we determine that defendant should not be able to benefit from his own failure to properly serve the State.

¶ 31 We therefore reject defendant's argument that we should vacate the trial court's order dismissing defendant's section 2-1401 petition on the ground that the petition was not ripe for adjudication.

¶ 32                          B. Timeliness of Defendant's Petition

¶ 33 Before we consider the merits of the claim raised in defendant's petition, we first address the timeliness of the petition. As noted above, a section 2-1401 petition for relief from judgment generally must be filed within two years of the challenged judgment, unless the challenged judgment is void. See 735 ILCS 5/2-1401(c), (f) (West 2014). In this case, defendant concedes that his petition was untimely.

¶ 34 Despite admitting that his petition was untimely, defendant argues that we should nonetheless consider his one-act, one-crime claim. Defendant does not argue that we may consider that claim because it rendered the resulting judgment void. Instead, citing *People v. Davis*, 156 Ill. 2d 149, 619 N.E.2d 750 (1993), defendant encourages us to address his one-act, one-crime claim and merge the allegedly offending convictions under Illinois Supreme Court Rule 615(b).

¶ 35 In *Davis*, 156 Ill. 2d at 153, 619 N.E.2d at 753, the defendant was found guilty and sentenced for two offenses that the parties agreed violated the one-act, one-crime rule of *People v. King*, 66 Ill. 2d 551, 363 N.E.2d 838 (1977). (The *Davis* court went on to discuss the one-act, one-crime rule in terms of the double jeopardy clauses of the Illinois and federal constitutions (Ill. Const. 1970, art. I, § 10; U.S. Const., amends. V, XIV). The supreme court has since clarified that the one-act, one-crime doctrine of *King* lineage is not a constitutional rule. *People v. Artis*, 232 Ill. 2d 156, 164, 902 N.E.2d 677, 682 (2009).) But the *Davis* defendant raised that argument for the first time on appeal from the denial of his postconviction petition. His failure to raise the claim earlier meant that the claim was forfeited. Defendant attempted to excuse that procedural default by arguing that the one-act, one-crime violation rendered his conviction void, meaning that it could be challenged at any time. *Davis*, 156 Ill. 2d at 155, 619 N.E.2d at 754.

¶ 36 The *Davis* court confirmed that one-act, one-crime violations do not render a conviction void. *Id.* at 157-58, 619 N.E.2d at 755. Further, the court determined that the defendant's one-act, one-crime claim had not been properly preserved for review. *Id.* at 160, 619 N.E.2d at 765. Nonetheless, the court vacated the lesser of defendant's offending convictions "in the exercise of our supervisory authority." *Id.* The court reasoned that an improper conviction was not only a problem in the case at hand but also for potential future criminal proceedings involving the defendant, where "the improper conviction could likely affect decisions with respect to setting of bond and sentencing, as well as parole opportunities." *Id.*

¶ 37    *Davis* does not grant this court the authority to merge any of defendant's convictions. In *Davis*, the supreme court exercised its supervisory authority when vacating one of the defendant's convictions. This court lacks such supervisory authority. Further, *Davis* addressed proceedings stemming from a petition for postconviction relief, not a section 2-1401 petition. In addition, *Davis* did not involve Rule 615(b), and defendant does not explain how Rule 615(b) might grant this court the authority to overlook the untimeliness of his section 2-1401 petition. As defendant has not cited any case law to support his contention, we reject his argument.

¶ 38                                    III. CONCLUSION

¶ 39    For the foregoing reasons, we affirm the trial court's judgment. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal. 55 ILCS 5/4-2002(a) (West 2016).

¶ 40    Affirmed.