2020 IL App (1st) 182627-U
Order filed: June 26, 2020

FIRST DISTRICT
FIFTH DIVISION

No. 1-18-2627

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Circuit Court of |
| | ) | Cook County |
| Plaintiff-Appellee, | ) | |
| | ) | No. 14 CR 06376 |
| v. | ) | |
| | ) | |
| DEREK MONTGOMERY, | ) | Honorable |
| | ) | Stanley Sacks, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Hoffman and Justice Delort concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant filed a motion to vacate an order of protection that was entered against him which appeared simultaneously on the court calls of two judges. The judge to whom the case was assigned continued it but never ruled on the motion before his retirement. On that same day, the second judge denied the motion and defendant appealed. We vacated the order denying the motion and remanded the cause to the judge who was assigned to the case after the original judge's retirement.

¶ 2    After defendant-appellant, Derek Montgomery, was convicted of violating an order of protection obtained by his ex-girlfriend, Sharonda Vaughn, Judge Thomas Gainer, the judge assigned to the case, entered another order of protection on October 28, 2014, on behalf of Vaughn

against defendant. Defendant filed a motion to vacate that order of protection, which was set for an October 31, 2018, hearing before Judge Gainer, who continued the motion to vacate but never ultimately ruled on it prior to his retirement in December 2018. Meanwhile, the motion to vacate was also set for a hearing before Judge Stanley Sacks, who entered an order denying the motion, which defendant appeals. Defendant contends that Judge Sacks had no authority to enter the October 31, 2018, order as Judge Gainer was assigned to the case by the presiding judge of the criminal division. For the reasons that follow, we vacate the order and remand the cause to the judge who was assigned to the case after Judge Gainer's retirement.[1]

¶ 3    At the jury trial, the evidence showed that Vaughn was sleeping in her apartment when she was awakened by a loud noise. She found defendant in her apartment, and they began to argue. During the argument, defendant stabbed Vaughn in her left ear with a sharp object and punctured her ear lobe. The State presented proof that as a result of the stabbing, defendant was convicted of aggravated battery, and that on January 13, 2011, Vaughn obtained an order of protection against defendant, stating that defendant could not contact her "by any means." In December 2013 and January 2014, while the order of protection was in effect, defendant sent letters to Vaughn through a third party. The jury found defendant guilty of violating the January 13, 2011, order of protection by sending her the letters, and Judge Gainer sentenced him to 42 months' imprisonment and 48 months of mandatory supervised release (MSR). On direct appeal, this court affirmed. See *People v. Montgomery*, 2016 IL App (1st) 143582-U.

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order stating with specificity why no substantial question is presented.

¶ 4    On October 28, 2014, Vaughn obtained another order of protection against defendant on behalf of herself, her mother, and her minor children Shaderia and Mysean, stating that defendant was not to contact them by any means. The order was entered by Judge Gainer, and it provided that it would remain in effect until the "expiration of any supervision, conditional discharge, probation, periodic imprisonment, parole, or supervised mandatory release, plus 2 years."

¶ 5    On September 19, 2018, defendant filed a *pro se* motion to vacate the October 28, 2014, order of protection because: (1) the petition for the order of protection was not signed by Vaughn; (2) the order listed the wrong case number; and (3) the order was duplicative of an order of protection entered against him and on behalf of Vaughn in another criminal case, 13 CR 14552.

¶ 6    On October 31, 2018, defendant's motion to vacate the October 28, 2014, order of protection appeared on Judge Gainer's court call for a hearing. The record does not indicate any appearance on behalf of the State or defendant at the hearing. Judge Gainer continued the case to November 7, 2018, stating:

> "[Defendant] has filed a motion to vacate an order of protection. Apparently they're suggesting that there was a second order that covered—in another case that covered the same party. I'm going to have to order these files to figure out what's going on here."

¶ 7    That same day, October 31, 2018, defendant's motion to vacate the October 28, 2014, order of protection also appeared on the court call of Judge Sacks. Assistant State's Attorney (ASA) Jose Villarreal appeared at the hearing; there was no appearance on behalf of defendant. No references were made at the hearing about the same motion before Judge Gainer. The following colloquy ensued:

> "THE COURT: It's a motion by Derek Montgomery from Department of Corrections to vacate an order of protection ***. It was a period for a couple years,

whatever it was, we could vacate operation of law already if it was more than two years. So the order by me will be motion to vacate order of protection is denied. Order may have been vacated by operation of law previously.

Look at this order of protection. See when it would have been over by. Entered October 14th. It's probably over already.

ASA VILLARREAL: That's a petition. We don't have the actual order of protection.

THE COURT: Never mind."

¶ 8    Judge Sacks then entered an order denying the motion to vacate. Judge Sacks's reasoning as expressed at the hearing for denying the motion to vacate was incorrect, though, as the order of protection did not expire until two years after defendant's four-year period of MSR, which he had not yet begun to serve.

¶ 9    On November 7, 2018, when the cause again came before Judge Gainer, he continued it to November 16. At the November 16 hearing, ASA Kingsley Sawyers appeared on behalf of the State; there was no appearance on behalf of defendant. The following colloquy occurred between Judge Gainer and ASA Sawyers:

"THE COURT: Derek Montgomery has filed a motion to vacate an order of protection, which we had a hearing on and his adult daughter came in. Do you remember this?

ASA SAWYERS: Yes.

THE COURT: The adult daughter said she wanted to be removed, right?

ASA SAWYERS: Yes. And I think he then realizes that—

THE COURT: He had the wrong case number or there were two orders of protection?

ASA SAWYERS: Correct, that's what it was. And now he wants the other one.

THE COURT: And now he wants the other one also.

ASA SAWYERS: And *** I don't know if the person for whom the order of protection was issued is aware.

THE COURT: Did you send your file back to the warehouse?

ASA SAWYERS: I think [so].

THE COURT: Well, here's the deal. We haven't got our file either.

ASA SAWYERS: Okay.

THE COURT: So I've ordered the files—we ordered the other two files. So what I recommend is that you get those files back from your storage, Mr. Sawyers.

ASA SAWYERS: Yes, judge.

THE COURT: And *** I think you should give the adult daughter and the mother a chance to come in again if they want or you could simply explain that he was named in two orders of protection and he wants her name taken off of that one. Whatever you need to do.

ASA SAWYERS: Yes.

THE COURT: But I'm going to hold it over until December 14th. Order of court, 12/14. We should have our files."

¶ 10 Judge Gainer subsequently continued the case to January 29, 2019. On January 29, 2019, the case came before Judge Hennelly, to whom the case was apparently assigned after Judge Gainer's retirement on December 31, 2018. ASA Joel Bisceglia appeared on behalf of the State

and Assistant Public Defender (APD) Randah Atassi appeared on behalf of defendant. During the hearing, no references were made to Judge Sacks's October 31, 2018, order denying the motion to vacate. The following colloquy ensued:

"ASA BISCEGLIA: Judge, it looks like we were trying to enter an order in regards to the October 28th, 2014, order of protection modifying it, saying that Shaderia Montgomery is removed as a protected party. But if you want, we can hold it. ***

THE COURT: Is the defendant around?

APD ATASSI: There is no pending case.

THE COURT: Right. So do you want me to go along with the order or do you want me to continue this—

APD ATASSI: I mean, I think our position is we have no position because we are not—

THE COURT: It doesn't like it was to his detriment.

APD ATASSI: No, right, exactly. I would assume he was given notice to come to court—

MR. ALMENDAREZ: He's in IDOC. His projected parole date is 2022.

THE COURT: All right. I will enter the order."

¶ 11    Defendant filed no notice of appeal from the January 29, 2019, order entered by Judge Hennelly. The only order appealed from is Judge Sacks's order on October 31, 2018, denying defendant's motion to vacate the order of protection entered by Judge Gainer on October 28, 2014.

¶ 12    Neither party argues that we lack jurisdiction to consider Judge Sacks's October 31, 2018, order. We have an independent duty to consider our jurisdiction (*People v. Thompson*, 2015 IL 118151, ¶ 26) and conclude that we have jurisdiction here. The motion to vacate the order of

protection proceeded on two tracks, one before Judge Gainer and one before Judge Sacks, with neither judge apparently aware that the motion to vacate had been simultaneously presented to each of them. A motion to vacate a protective order is considered one seeking to dissolve or modify an injunction. *In re Marriage of Sanchez and Sanchez-Ortega*, 2018 IL App (1st) 171075, ¶ 34. Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017) allows an appeal from an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." Thus, even if Judge Sacks's October 31, 2018, denial of the motion to vacate was interlocutory in that other proceedings remained pending before Judge Gainer, it was appealable under Rule 307(a)(1). *Id.*; *Sanchez*, 2018 IL App (1st) 171075, ¶ 34. Defendant timely filed a notice of appeal within 30 days of Judge Sacks's denial of his motion to vacate and therefore we have appellate jurisdiction to review that order under Rule 307(a)(1).

¶ 13    Defendant argues on appeal that Judge Sacks lacked the authority to enter the order denying his motion to vacate because the presiding judge of the criminal division assigned the case to Judge Gainer. See General Order no. 17.2(a) of the circuit court of Cook County (Cook County Cir. Ct. G.O. 17.2(a) (Apr. 19, 2019)), which provides that the presiding judge of the criminal division has general administrative powers within the division, and that "on arraignment he assigns cases to judges sitting in" the criminal division.

¶ 14    Defendant contends that "[a]s best as can be discerned, it is the Clerk of the Circuit Court that simultaneously routed the case to Judge Sacks. But the Clerk of the Court lacks the authority to assign cases, so Judge Sacks should not have ruled on the motion." Therefore, defendant contends that the order entered by Judge Sacks on October 31, 2018, denying the motion to vacate is void and of no effect.

¶ 15     The State does not dispute defendant's contention that Judge Gainer, and not Judge Sacks, was assigned to his case by the presiding judge. However, the State argues that the order entered by Judge Sacks was not void, and it cites in support *People v. Davis*, 156 Ill. 2d 149 (1993). In *Davis*, our supreme court stated:

"Whether a judgment is void or voidable presents a question of jurisdiction. [Citation.] Jurisdiction is a fundamental prerequisite to a valid prosecution and conviction. Where jurisdiction is lacking, any resulting judgment rendered is void and may be attacked either directly or indirectly at any time. [Citation.] By contrast, a voidable judgment is one entered erroneously by a court having jurisdiction and is not subject to collateral attack." *Id.* at 155-56.

¶ 16     Article VI, section 9 of the Illinois Constitution confers on circuit courts "original jurisdiction of all justiciable matters ***." Ill. Const. 1970, art. VI, sec. 9. Justiciable matters are any definite and concrete issues appropriate for review by the court. *Belleville Toyota v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 335 (2002). The circuit court acquires subject matter jurisdiction when the State creates a justiciable controversy by filing criminal charges with the court. *People v. Woodall*, 333 Ill. App. 3d 1146, 1156 (2002).

¶ 17     The State contends that, once criminal charges were filed against defendant in the circuit court, the entire court acquired subject matter jurisdiction over his case and "irrespective of which judge heard defendant's case, this jurisdiction remained intact. Therefore, contrary to defendant's assertion, the fact that Judge Sacks considered the motion to vacate and denied relief did not make his ruling void."

¶ 18     We agree with the State that the order entered by Judge Sacks on October 31, 2018, denying the motion to vacate was not void for lack of subject matter jurisdiction. However, Judge Gainer

*also* had subject matter jurisdiction to consider the motion, which was presented simultaneously to him on October 31, 2018, and he entered an order continuing the motion to November 16 so that the files for both orders of protection could be submitted to him and he could "figure out what's going on here." At the November 16 hearing, Judge Gainer referenced a hearing on the motion to vacate at which defendant's daughter, Shaderia, appeared and asked to be removed as a protected party from the October 28, 2014, order of protection[2]; however, there is no indication in the record that Judge Gainer ever ruled on the motion to vacate or on Shaderia's request to be removed as a protected party prior to his retirement. Judge Hennelly, who was assigned to defendant's case after Judge Gainer's retirement, entered an order on January 29, 2019, modifying the October 28, 2014, order of protection by removing Shaderia as a protected party, but he did not specifically rule on the motion to vacate.

¶ 19    The issue before us is which of the October 31, 2018, orders entered by Judge Sacks and Judge Gainer takes precedence over the other. We find that Judge Gainer's order continuing the motion to vacate until the files for both orders of protection were presented to him takes precedence, as he was the judge assigned to the case by the presiding judge of the criminal division. Accordingly, pursuant to our authority under Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994) to make any judgment or order that the case may require, we vacate the October 31, 2018, order entered by Judge Sacks and remand the cause to Judge Hennelly or to the judge currently assigned by the presiding judge of the criminal division to this cause to consider and rule on defendant's motion.

¶ 20    Vacated and remanded with directions.

---

[2] The transcript of this hearing is not contained in the record on appeal.