NOTICE

Decision filed 11/10/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 190004-U

NO. 5-19-0004

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 99-CF-677 |
| | ) | |
| WILLIAM CAMPLIN, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WHARTON delivered the judgment of the court.
Justices Cates and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The defendant's petition for relief from judgment was properly dismissed where it was not timely filed within two years of the date of the judgment of conviction and where that judgment was not void. Even assuming the defendant's claim that he was unfit to stand trial had merit, trial of an unfit defendant does not deprive the trial court of jurisdiction or render the defendant's conviction void.

¶ 2    The defendant, William Camplin, appeals an order of the trial court dismissing his petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)). The defendant challenged his conviction on two counts of attempted murder, arguing, *inter alia*, that he received ineffective assistance of counsel and that the trial court's finding that he was fit to stand trial was against the manifest weight of the evidence. The court dismissed the petition because it was not timely filed within two years of the judgment of conviction it challenged. See *id.* § 2-1401(c). On appeal, the defendant argues that

1

his conviction was void because he was unfit to stand trial and his unfitness deprived the court of jurisdiction. He further argues that the court erred in dismissing his petition because a void judgment can be attacked at any time and is not subject to the two-year time limit in section 2-1401. See *id.* § 2-1401(f). We affirm.

¶ 3                                              I. BACKGROUND

¶ 4      In July 1999, the defendant was charged with two counts of armed violence, two counts of aggravated battery with a firearm, three counts of home invasion, and two counts of attempted murder. Defense counsel raised *bona fide* doubts about the defendant's fitness to stand trial, and the court appointed an expert to examine him. The question of the defendant's fitness to stand trial was addressed by the court multiple times. He was eventually found fit to stand trial, and the matter proceeded to a bench trial in November 2005. The defendant argued that he was not guilty by reason of insanity. The court found him guilty but mentally ill. On February 14, 2006, the court sentenced the defendant to two consecutive terms of 17 years in prison on the attempted murder charges. The remainder of the charges were either dropped by the State before trial or found by the court to merge with the attempted murder charges. The defendant filed a motion to reduce his sentence, which the court denied.

¶ 5      The defendant filed a direct appeal. In pertinent part, he challenged the trial court's finding that he was fit to stand trial. This court affirmed his conviction. See *People v. Camplin*, No. 5-06-0232 (Mar. 20, 2007) (unpublished order pursuant to Illinois Supreme Court Rule 23(b)). Subsequently, the defendant filed a postconviction petition, which was dismissed at the first stage, and a motion to reconsider that ruling, which was also denied.

¶ 6      On October 4, 2018, the defendant filed the *pro se* petition for relief from judgment at issue in this appeal. In it, he alleged that due to both mental illness and an intellectual disability,

2

he was unable to meaningfully participate in his trial, understand the advice his attorneys gave him, or understand the proceedings. He argued that this deprived him of a fair trial and violated his rights under several constitutional provisions. The defendant further alleged that he received ineffective assistance of counsel because his attorneys failed to argue that he was unable to read, write, and "comprehend these complex legal proceedings." In addition, he argued that various aspects of the proceedings violated the eighth amendment to the United States Constitution, his due process rights, his rights under the Americans with Disabilities Act, his right to a speedy trial, and the one-act, one-crime rule.

¶ 7    On October 25, 2018, the State filed a motion to dismiss. The State argued that the defendant's petition for relief from judgment was not timely filed within two years of the judgment of conviction (see 735 ILCS 5/2-1401(c) (West 2016)), that the arguments advanced by the defendant lacked merit as a matter of law, and that most of the defendant's claims had already been addressed by the trial court.

¶ 8    On November 30, 2018, the court entered a thorough written order granting the State's motion. The court found that the defendant's petition was not timely filed within two years and that there was no basis to excuse the delay. Although the court noted that the defendant did not allege that his conviction or sentence was void, the court addressed this question and found that the convictions and sentences did not meet any of the criteria for voidness set forth by our supreme court in *People v. Thompson*, 2015 IL 118151. The court then went on to state that (1) a section 2-1401 petition is not a proper avenue for raising claims of ineffective assistance of counsel, (2) the defendant's claims regarding his fitness to stand trial were previously addressed by the trial court and the appellate court, and (3) his remaining claims could have been raised at

3

trial and/or on direct appeal. The court therefore dismissed the defendant's petition. This appeal followed.

¶ 9                                    II. ANALYSIS

¶ 10    On appeal, the defendant asserts that he was unfit to stand trial. He argues that the trial court's finding to the contrary was against the manifest weight of the evidence. He further argues that counsel was ineffective for failing to request the appointment of an independent examiner. The defendant argues that trial of a defendant who is not fit to stand trial deprives a trial court of jurisdiction, thereby rendering the resulting convictions and sentences void. The defendant acknowledges that he did not specifically assert in his petition that his convictions and sentences were void. However, a judgment that is void for lack of jurisdiction may be challenged at any time. *Thompson*, 2015 IL 118151, ¶ 31. Thus, we will consider whether the claimed error—trial of an unfit defendant—is sufficient to render a conviction void.

¶ 11    Section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)) provides litigants with "a comprehensive statutory procedure" under which final judgments can be vacated more than 30 days after entry under certain circumstances. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220 (1986). The purpose of a section 2-1401 petition is to bring to the court's attention facts that were not known to the court at the time of trial which would have precluded entry of the challenged judgment had they been known. *People v. Pinkonsly*, 207 Ill. 2d 555, 566 (2003). To be entitled to relief, a section 2-1401 petitioner must make specific factual allegations establishing (1) the existence of a meritorious defense or claim, (2) due diligence in attempting to present the defense or claim during the original trial, and (3) due diligence in filing the section 2-1401 petition. *Smith*, 114 Ill. 2d at 221.

4

¶ 12    Although section 2-1401 provides a civil remedy, it is available in both civil and criminal cases. *People v. Vincent*, 226 Ill. 2d 1, 8 (2007). However, because proceedings on a section 2-1401 petition are intended to remedy "errors of fact, not law" (*Pinkonsly*, 207 Ill. 2d at 565), they are "not an appropriate forum for ineffective-assistance claims," a type of claim that does "not challenge the factual basis for the judgment" (*id.* at 567).

¶ 13    Significantly for purposes of this appeal, a section 2-1401 petition must be filed within two years of the date on which the challenged judgment was entered, with limited specified exceptions. See 735 ILCS 5/2-1401(c) (West 2016). One of those exceptions applies in cases where the challenged judgment is void. *Id.* § 2-1401(f). That is the only exception the defendant argues applies here.

¶ 14    The defendant asserts that the right not to be tried unless fit to stand trial is so fundamental that a defendant's unfitness deprives a court of jurisdiction over his prosecution, thereby rendering his conviction void. He cites no authority in support of this proposition. The State, however, acknowledges that there is some language in two 40-year-old Illinois appellate decisions—including one from this court—to support the defendant's claim that the conviction of an unfit defendant is void. See *People v. Turner*, 111 Ill. App. 3d 358, 361 (1982); *People v. Rockamann*, 79 Ill. App. 3d 575, 581 (1979). As the Illinois Supreme Court has explained, however, the terms "void" and "voidable" have been used interchangeably so often that we must "resort to the context in which the term is used to determine precisely the term's meaning." *People v. Davis*, 156 Ill. 2d 149, 155 (1993). Our examination of the pertinent language in *Turner* and *Rockamann* in context leads us to conclude that they do not support the defendant's position.

5

¶ 15 We begin with *Rockamann*. There, the defendant filed a direct appeal in which he challenged the trial court's finding that he was fit to stand trial. *Rockamann*, 79 Ill. App. 3d at 579. The State argued that the defendant forfeited this claim by failing to raise it in a posttrial motion. *Id*. at 581. A panel of this court rejected the State's argument. In doing so, we first emphasized that the principle that an individual may not be subjected to trial if he is mentally unfit is "a matter of fundamental due process." *Id*. We then stated that "it would be ludicrous to hold that one who was unfit to stand trial but who was nevertheless tried and convicted could not appeal on the ground that his trial was void *ab initio*." *Id*. We explained:

"To burden a criminal defendant with a result which violates due process would fly in the face of that body of law to which we so often make reference: Plain errors and defects which affect substantial rights in general, and which deprive the accused of substantial means of enjoying a fair trial in particular, will be noticed even if for the first time on appeal." *Id.* at 582.

Read in context, it is thus clear that *Rockamann* involved no more than application of the plain error doctrine.

¶ 16 *Turner* likewise involved a direct appeal in which a defendant challenged his fitness to stand trial. There, the defendant pled guilty. *Turner*, 111 Ill. App. 3d at 360. He argued on appeal that the court erred in the manner in which it conducted his fitness hearing and that his plea was not intelligent and voluntary. *Id*. Before addressing the merits of these claims, the Second District considered whether the defendant had forfeited the claim concerning the conduct of the fitness hearing. The court observed that "[a] voluntary guilty plea [forfeits] all errors, defects, and irregularities, including constitutional violations, which are not jurisdictional." *Id*. The court decided to address the fitness issue, in part because the question of the defendant's fitness to

6

stand trial could affect the court's resolution of the defendant's claim that his plea was not voluntary. *Id.* at 361. Citing our decision in *Rockamann*, the court also stated that the issue of the defendant's fitness to stand trial "*may* be considered jurisdictional as a defendant's unfitness *could* render the proceedings void." (Emphases added.) *Id.* (citing *Rockamann*, 79 Ill. App. 3d at 581). Even assuming this equivocal language can be construed as a definitive holding that unfitness to stand trial is jurisdictional, the Second District relied on this court's decision in *Rockamann*, which, as we have just explained, does not stand for that proposition. As such, we find no support for the defendant's position in *Turner* either.

¶ 17    Moreover, subsequent to the appellate decisions in *Rockamann* and *Turner*, our supreme court clarified the distinction between judgments that are void and those that are merely voidable. We must look to the supreme court's holdings to determine whether the error asserted by the defendant would render his convictions void or voidable.

¶ 18    A judgment is void—and therefore subject to challenge at any time and "exempt from the ordinary procedural bars"—only under limited circumstances. *Thompson*, 2015 IL 118151, ¶ 31. A judgment is void if the court entering it did not have jurisdiction to do so. *Id.*; *Davis*, 156 Ill. 2d at 155. A judgment is also void if it is based on a statute that was found to be unconstitutional and void *ab initio*. *Thompson*, 2015 IL 118151, ¶ 32. These are the only types of claims "recognized by any of our [supreme court's] precedents as exempt from the typical procedural bars of section 2-1401." *Id.* ¶ 34.

¶ 19    Here, the defendant does not claim that his convictions were based on an unconstitutional statute that was held to be void *ab initio*, nor would such a claim be viable. He argues that his convictions were void for lack of jurisdiction because the court violated a fundamental right by trying him after erroneously determining that he was fit to stand trial. As the supreme court has

7

explained, however, the Illinois Constitution confers on trial courts jurisdiction over all justiciable matters. *Davis*, 156 Ill. 2d at 156 (citing Ill. Const. 1970, art. VI, § 9). Jurisdiction "is not defined by the propriety of the court's judgments." *Id*. at 157. As such, a court does not lose jurisdiction over a case because it makes errors of fact and/or law. *Id*. at 156. This is true even in cases of errors involving important constitutional rights. *Id*. at 157. Thus, the error asserted by the defendant in this case would make his convictions voidable, not void (see *id*. at 155-56), and it is not the type of claim that is exempt from the two-year time limit in section 2-1401 (see *Thompson*, 2015 IL 118151, ¶ 34).

¶ 20    For these reasons, we reject the defendant's claim that his convictions and sentences were void. Because the judgment challenged in the section 2-1401 petition was not void and the defendant did not allege any other basis for excusing the delay, the trial court correctly dismissed the petition on the basis that it was not timely filed. As such, we need not address the parties' arguments concerning the merits of the defendant's underlying claims.

¶ 21                                III. CONCLUSION

¶ 22    For the foregoing reasons, we affirm the trial court's order dismissing the defendant's petition.


¶ 23    Affirmed.