# Illinois Official Reports

## Appellate Court

---

**People v. Bell, 2014 IL App (3d) 120637**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVEVETT BELL, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-12-0637 |
| Rule 23 Order filed<br>Motion to publish allowed<br>Opinion filed | July 8, 2014<br><br>August 21, 2014<br>August 21, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant's appointed counsel filed a petition pursuant to Supreme Court Rule 651(c) and an amended postconviction petition after defendant's *pro se* petition advanced to second-stage proceedings, the trial court did not err in striking the six *pro se* amendments defendant made to his petition and in dismissing the petition, notwithstanding defendant's contention that his appointed counsel failed to comply with Rule 651(c) by failing to consult with him on the merits of his amendments, since Rule 651(c) only applied to defendant's initial petition and counsel was not required to act on the amendments. |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 04-CF-1032; the Hon. Timothy M. Lucas, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Todd T. McHenry, of State Appellate Defender's Office, of Chicago, for appellant.

Jerry Brady, State's Attorney, of Peoria (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Presiding Justice Lytton and Justice Schmidt concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant, Davevett Bell, filed a *pro se* petition for postconviction relief which advanced to second-stage proceedings. Postconviction counsel was appointed and filed an amended petition accompanied by a Rule 651(c) certificate (Ill. S. Ct. R. 651(c) (eff. Dec. 1, 1984)). Defendant then filed a series of six *pro se* amendments to his original *pro se* petition, introducing new claims not made in the original petition. The trial court struck defendant's *pro se* amendments and subsequently dismissed the petition. Defendant appeals, arguing that appointed counsel did not comply with the requirements of Rule 651(c). We affirm.

¶ 2                                    FACTS

¶ 3    On October 19, 2006, defendant was convicted of attempted first degree murder (720 ILCS 5/8-4(c)(1)(D), 9-1(a)(1) (West 2004)) and unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2004)). He was sentenced to consecutive terms of imprisonment of 55 years for attempted first degree murder and 5 years for unlawful possession. On direct appeal, this court affirmed defendant's convictions and sentences. *People v. Bell*, No. 3-07-0010 (2008) (unpublished order under Supreme Court Rule 23).

¶ 4    On September 21, 2009, defendant filed a *pro se* petition for postconviction relief. Four days later, the matter was docketed for stage-two proceedings, and the public defender was appointed to represent defendant. On June 17, 2010, counsel for defendant filed an amended petition for postconviction relief. Counsel also filed a Rule 651(c) certificate, certifying that he: (1) consulted with defendant by mail and in person to ascertain his contentions of deprivation of constitutional rights; (2) examined the record of proceedings at the trial; and (3) made any amendments to defendant's *pro se* petition as were necessary for adequate presentation of defendant's contentions.

¶ 5    From June of 2011 through February of 2012, defendant filed five *pro se* motions to supplement his original petition. Each of these motions raised issues not previously raised in defendant's original *pro se* petition for postconviction relief. In the second of these supplemental motions, filed in September of 2011, defendant claimed for the first time that appellate counsel was ineffective for failing to raise the issue that defendant's due process rights were violated when he was prosecuted without a fitness hearing. In support, defendant

pointed to a 2005 psychological evaluation which found, *inter alia*, that defendant likely "experiences unusual perceptual events or full-blown hallucinations as well as unusual ideas that may include magical thinking or delusional beliefs."

¶ 6    On April 12, 2012, counsel informed the court that "[defendant] has filed a number of additional matters relating to his case that I need to review and determine whether or not I intend to adopt them, if I need to file any 651(c)." The court granted counsel's request for time and further ruled that no additional *pro se* motions would be considered for the purposes of that request. Defendant nevertheless filed his sixth *pro se* supplemental motion the next month.

¶ 7    On June 19, 2012, the State filed a motion to strike defendant's *pro se* supplemental petitions. The State referenced the April 2012 court date, stating that counsel had yet to make an election as to whether he would adopt defendant's additional arguments. Counsel appeared in court the next day and informed the court that he would not be adopting any of defendant's *pro se* filings, and the court struck those pleadings. In July, the court granted the State's motion to dismiss the postconviction petition, ruling only on the arguments made in defendant's original *pro se* filing. Defendant appeals.

¶ 8                                    ANALYSIS

¶ 9    On appeal, defendant argues that appointed postconviction counsel did not provide a reasonable level of assistance because he failed to consult with defendant concerning the arguments set forth in his *pro se* supplemental filings and failed to adopt defendant's argument that appellate counsel provided ineffective assistance by failing to raise the issue of fitness. Defendant contends that these failures constitute a violation of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2008)), and Illinois Supreme Court Rule 651(c) (eff. Dec. 1, 1984). The issue of whether postconviction counsel provided the requisite level of assistance is reviewed *de novo*. See *People v. Kelly*, 2012 IL App (1st) 101521.

¶ 10    The right to assistance of counsel in postconviction proceedings is not one mandated by the Constitution, but one of "legislative grace." *People v. Pinkonsly*, 207 Ill. 2d 555, 567 (2003); see also *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (finding that there is no "constitutional right to counsel when mounting collateral attacks upon *** convictions"). The Act requires that counsel provide "a reasonable level of assistance" to petitioners in postconviction proceedings. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). To ensure that this level of assistance is met, Rule 651(c) imposes three mandatory requirements on postconviction counsel. Ill. S. Ct. R. 651(c) (eff. Dec. 1, 1984). The rule requires:

> "The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. Dec. 1, 1984).

The filing of a Rule 651(c) certificate creates a presumption of compliance with the rule. *People v. Mendoza*, 402 Ill. App. 3d 808 (2010).

¶ 11    In the present case, appointed counsel properly filed a Rule 651(c) certificate in June of 2010. Defendant does not contend that counsel, at that point in time, had not satisfied the requirements of Rule 651(c). Instead he argues, essentially, that his subsequent *pro se* filings required counsel to once again satisfy the mandates of Rule 651(c), this time with respect to the newly raised claims. Defendant contends that because the record demonstrates that appointed counsel did not fulfill the requirements with respect to these new claims, the presumption of compliance created by the Rule 651(c) certificate is rebutted.

¶ 12    Rule 651(c) requires that appointed counsel in postconviction proceedings consult with the petitioner in order "to ascertain *his [or her] contentions* of deprivations of constitutional rights" and then make "an adequate presentation of *petitioner's contentions*." (Emphases added.) Ill. S. Ct. R. 651(c) (eff. Dec. 1, 1984). By its plain language, the rule is limited to claims raised by the petitioner. *People v. Davis*, 156 Ill. 2d 149 (1993). Appointed counsel is under no duty to "explor[e], investigat[e] and formulat[e] *** potential claims." *Id.* at 163.

¶ 13    This limitation of the Rule 651(c) duties to the petitioner's claim is not a mere matter of form; it is grounded in the postconviction procedures themselves. Under the Act, when a *pro se* petition for postconviction relief is filed, the court must dismiss the petition if it is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2008). This is known as stage one of postconviction proceedings. If the court determines that a petition is not frivolous or patently without merit, the case proceeds to stage two, at which point the petition is docketed and counsel may be appointed to indigent defendants. 725 ILCS 5/122-2.1(b), 122-4 (West 2008). As our supreme court explained in *Davis*, 156 Ill. 2d 149, this distinction between stage one and stage two–and the fact that counsel is not provided until the second stage–is of critical importance:

> "Post-conviction counsel is only required to investigate and properly present the *petitioner's* claims. Had the legislature intended otherwise, it would, logically, have provided for the appointment of counsel prior to the filing of the original petition. Counsel's responsibility is to adequately present those claims which the *petitioner* raises." (Emphases in original.) *Id.* at 164.

¶ 14    Defendant's actions in the present case demonstrate why the "petitioner's claims" contemplated by Illinois Supreme Court Rule 651(c) (eff. Dec. 1, 1984), must be limited to those in the original *pro se* petition. The arguments raised by defendant in his original prose petition were deemed by the court to be nonfrivolous and worthy of appointed counsel's resources. See *People v. Porter*, 141 Ill. App. 3d 208, 216 (1986) ("[S]ection 122-2.1 of the Code [of Criminal Procedure of 1963], allowing a court to dismiss frivolous post-conviction petitions without the appointment of counsel to the petitioners, is rationally related to the legitimate State interest of conserving the resources of appointed counsel for those petitioners who present some evidence of a substantial constitutional infringement."). No such determination had been made regarding any of the new claims introduced by defendant's supplemental petitions. To hold that the newly raised issues deserved assistance of counsel, and thus that the requirements of Rule 651(c) applied to those issues, would be to allow defendant to make an end run around stage-one proceedings with respect to those claims.

¶ 15    Defendant's subsequently raised issues also cannot be said to relate back to his initial *pro se* petition simply because they were characterized as supplements or amendments to that petition. At the time that each of defendant's six *pro se* supplemental petitions was filed, he was represented by appointed counsel. "A trial court has no responsibility to entertain a

defendant's *pro se* motions during the time he is represented by competent counsel, and a represented defendant 'must not be permitted to proceed unfettered, to file a stream of *pro se* motions.' " *People v. Stevenson*, 2011 IL App (1st) 093413, ¶ 31 (quoting *People v. Pondexter*, 214 Ill. App. 3d 79, 88 (1991)). The trial court properly struck defendant's *pro se* supplemental pleadings.

¶ 16 We also note that to agree with defendant's interpretation of Rule 651(c) would be to impose upon public defenders the burden of consulting with postconviction petitioners each time the petitioner raised a new issue, whether through *pro se* amendments or letters to counsel. This responsibility would be limited only by the restraint of the incarcerated petitioner. In the present case, counsel would have been required to meet with defendant six separate times. Counsel could have held one consultation following the sixth *pro se* amendment, but nothing would prevent defendant from filing a seventh, eighth, and ninth amendment after that. Requiring that appointed counsel respond to every contact made by incarcerated petitioners would be inefficient at best and impossible at worst.

¶ 17 Appointed postconviction counsel in this case filed a Rule 651(c) certificate, certifying that he had met each of the three requirements of that rule. Nothing in the record would rebut the presumption that counsel satisfied each requirement with respect to defendant's initial *pro se* petition, nor does defendant make such an argument. Appointed counsel was therefore in full compliance with Rule 651(c). Because counsel's duties under Rule 651(c) were limited to those claims made in defendant's original *pro se* motion for postconviction relief, no inquiry into the merits of defendant's subsequent claims is required.

¶ 18                                        CONCLUSION
¶ 19 The judgment of the circuit court of Peoria County is affirmed.

¶ 20 Affirmed.