NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180679-U

NO. 4-18-0679

FILED
December 8, 2020
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS,<br>    Plaintiff-Appellee,<br>    v.<br>TERRELL A. ADAMS,<br>    Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Appeal from the<br>Circuit Court of<br>Macon County<br>No. 14CF733<br><br>Honorable<br>James R. Coryell,<br>Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Cavanagh and Holder White concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court affirmed, holding (1) postconviction counsel provided
reasonable assistance under Illinois Supreme Court Rule 651(c) (eff. July 1, 2017)
and (2) it was not error for successive postconviction counsel to elect to "stand" on
the Rule 651(c) certificate of previous counsel where it otherwise met the
requirements of the rule.

¶ 2     Defendant, Terrell A. Adams, was charged with predatory criminal sexual assault

of a child in June 2014, a Class X felony (720 ILCS 5/11-1.40(a)(1) (West 2014)). Upon

conviction, defendant was subject to a sentencing range of 6 to 60 years and an indeterminate

mandatory supervised release period of 3 years to life. 720 ILCS 5/11-1.40(b)(1) (West 2014).

Defendant entered a fully negotiated plea in December 2014, on the day his case was set to

proceed to trial. He agreed to plead guilty to the one count of predatory criminal sexual assault of

a child, and in return, he would be sentenced to a flat term of six years in the Illinois Department

of Corrections (DOC).

1

¶ 3        In March 2015, defendant filed a *pro se* motion to withdraw his plea, which was dismissed by the trial court in December 2015 based on untimeliness. In February 2016, defendant sought to file a late notice of appeal, which was denied, and subsequently filed a *pro se* petition for postconviction relief in June 2016. The trial court allowed the petition to proceed to the second stage, appointing counsel for defendant. An amended petition was filed on defendant's behalf in February 2017, and the State filed a motion to dismiss the amended petition in March 2017. The State's motion was heard and granted in December 2018. Defendant appeals.

¶ 4                                I. BACKGROUND

¶ 5        In June 2014, defendant was charged with predatory sexual assault of a child, a Class X felony, punishable by 6 to 60 years in DOC (720 ILCS 5/11-1.40(a)(1) (West 2014)), with a period of mandatory supervised release of 3 years to life. Defendant was appointed counsel through the public defender's office.

¶ 6        In December 2014, defendant entered into a negotiated plea of guilty wherein he agreed to plead to the single count of predatory criminal sexual assault of a child for a specific sentence of six years in DOC to be served at 85% (730 ILCS 5/3-6-3(2)(ii) (West 2014)). Defendant was also required to register as a sex offender for life once released from prison.

¶ 7        In March 2015, defendant filed a *pro se* motion to withdraw his guilty plea and to vacate his sentence. At a status hearing in April, the State moved to dismiss the motion as untimely and was directed by the trial court to reduce its motion to writing. The State filed its written motion in December 2015, and the trial court granted the State's motion the same month.

¶ 8        In February 2016, defendant filed a motion for leave to file a late notice of appeal, which was also denied, and then in June 2016, he filed a *pro se* postconviction petition. In the

2

petition, defendant contested the deoxyribonucleic acid (DNA) evidence. He also claimed ineffective assistance of trial counsel for (a) failing to adequately investigate his case and contact witnesses, (b) failing to communicate all discovery information, (c) counsel's lack of experience and "bias" against defendant as well as his failure to discontinue acting as defendant's counsel when requested, (d) failing to timely file a motion to withdraw the plea as requested by defendant, and (e) incorrectly communicating to defendant his motion to withdraw plea had been granted, thereby depriving defendant of an opportunity to file a timely notice of appeal. Defendant further claimed the trial court violated his constitutional rights when the court (a) denied a motion to continue made on the day of trial, (b) refused to allow the removal of defendant's appointed counsel at defendant's request, and (c) refused to investigate his claims of ineffective assistance of counsel. The trial court allowed the petition to proceed to the second phase and appointed the public defender to represent him.

¶ 9        In July 2016, defendant's case was reassigned to a different assistant public defender (APD), the second of four reassignments of counsel during the pendency of this case. Defendant's new counsel filed an amended petition for postconviction relief in February 2017, outlining the procedural history of the case and raising two claims. The first centered around ineffective assistance of trial counsel for failing to (a) investigate potential alibi witnesses, (b) adequately prepare for trial, (c) disclose issues involving the DNA report, and (d) file a motion to withdraw defendant's guilty plea as requested by defendant. The second related to ineffective assistance of posttrial counsel by (a) incorrectly informing defendant the State's motion to dismiss his motion to withdraw his plea and vacate his sentence had been denied and (b) failing to inform defendant "immediate action was needed in order to preserve his right to appeal," which prevented him from filing a timely notice of appeal. The relief defendant sought

3

included permitting him to withdraw his plea and vacate his sentence, allowing him leave to file a late notice of appeal, and granting him an evidentiary hearing on his petition.

¶ 10    The State filed a motion to dismiss in March 2017, contending defendant's allegations of ineffective assistance were unsupported and insufficient since he could show neither deficient performance nor prejudice—a "reasonable probability" the outcome would have been different. As to the second claim, the State noted defendant was in no different position than he would have been if properly informed of the denial of his motion since it was untimely when filed.

¶ 11    While these matters were pending, although represented by appointed counsel, defendant continued to file a variety of motions *pro se*, seeking such things as subpoenas for the victim's cell phone and social media records, forensic testing of DNA evidence, and a polygraph examination of himself. After multiple status hearings and several continuances, the State's motion to dismiss was heard in December 2018. As a preliminary matter, the trial court inquired of defendant's counsel (his fifth) regarding the need for an Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) certificate prior to proceeding on the State's motion. Counsel adopted the certificate filed previously by his predecessor since no further changes had been made to the amended petition. After hearing the arguments of counsel, the trial court granted the State's motion to dismiss defendant's postconviction petition. This appeal follows.

¶ 12                                II. ANALYSIS

¶ 13    The Post-Conviction Hearing Act (Act) " 'provides a mechanism for criminal defendants to challenge their convictions or sentences based on a substantial violation of their rights under the federal or state constitutions.' " *People v. Crenshaw*, 2015 IL App (4th) 131035, ¶ 23, 38 N.E.3d 1256 (quoting *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1075

4

(2010)). The Act provides for a three-step process. *People v. Allen*, 2015 IL 113135, ¶ 21, 32 N.E.3d 615. First, the trial court, without input from the State, may dismiss postconviction petitions that are "frivolous or *** patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2018).

¶ 14 If not dismissed, the petition advances to the second stage. There, an indigent defendant is appointed counsel, who may make amendments to the petition, and the State may file a motion to dismiss or elect to answer the petition. 725 ILCS 5/122-4, 122-5 (West 2018). The second stage tests the legal sufficiency of the petition. *People v. Domagala*, 2013 IL 113688, ¶ 35, 987 N.E.2d 767. At the second stage, the trial court is tasked with determining "whether the petition and any accompanying documentation make a substantial showing of a constitutional violation." *People v. Johnson*, 2018 IL 122227, ¶ 15, 123 N.E.3d 1083. The court must accept all well-pleaded facts as true unless they are affirmatively refuted by the record. *Domagala*, 2013 IL 113688, ¶ 35. The trial court is not required to engage in any fact-finding or credibility determinations; those are left for the evidentiary third stage. "[T]he substantial showing of a constitutional violation that must be made at the second stage is 'a measure of the legal sufficiency of the petition's well-pled allegations of a constitutional violation, which if proven at an evidentiary hearing, would entitle petitioner to relief.' " *People v. Dupree*, 2018 IL 122307, ¶ 29, 124 N.E.3d 908 (quoting *Domagala*, 2013 IL 113688, ¶ 35). If "a substantial showing of a constitutional violation is established, the petition proceeds to the third stage for an evidentiary hearing." *People v. Harris*, 224 Ill. 2d 115, 126, 862 N.E.2d 960, 967 (2007). There, the trial court engages in the necessary fact-finding and credibility determinations. See *People v. English*, 2013 IL 112890, ¶ 23, 987 N.E.2d 371. Since we are reviewing a dismissal at the second stage, we conduct a *de novo* review of the trial court's action. *Dupree*, 2018 IL 122307,

¶ 29.

¶ 15                    A. Ineffective Assistance of Postconviction Counsel

¶ 16          Defendant raises two related issues on appeal, both of which involve claims of ineffective assistance by postconviction counsel. First, defendant contends counsel failed to provide reasonable assistance under Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) by failing to properly amend defendant's postconviction petition and provide sufficient facts to support the conclusory allegations defendant asserted in his petition. Next, defendant contends successive postconviction counsel then failed to reamend the amended petition to address the claims of the State raised in its motion to dismiss and that the several of his intervening appointed attorneys failed to do likewise.

¶ 17          Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) mandates, in pertinent part, that counsel shall make whatever amendments to *pro se* postconviction petitions that are "necessary for an adequate presentation of petitioner's contentions." The right to counsel, initiated at the second stage of postconviction proceedings, is wholly statutory. *People v. Perkins*, 229 Ill. 2d 34, 42, 890 N.E.2d 398, 402 (2008). There is no constitutional right to counsel during postconviction proceedings. *People v. Cotto*, 2016 IL 119006, ¶ 29, 51 N.E.3d 802 (citing *People v. Finley*, 481 U.S. 551, 555 (1987)). "Accordingly, this court has explained that '[t]he right to assistance of counsel in postconviction proceedings is a matter of legislative grace, and a defendant is guaranteed only the level of assistance provided by the Post-Conviction Hearing Act.' " *Cotto*, 2016 IL 119006, ¶ 29 (quoting *People v. Hardin*, 217 Ill. 2d 289, 299, 840 N.E.2d 1205, 1212 (2005)). Defendants are entitled to "reasonable" assistance of counsel under the Act. *People v. Johnson*, 2018 IL 122227, ¶ 16, 123 N.E.3d 1083. In *Cotto*, the Illinois Supreme Court, elaborating on the meaning of "reasonable assistance," noted it was " 'less than

6

that afforded by the federal or state constitutions.' " *Cotto*, 2016 IL 119006, ¶ 45 (quoting *People v. Pendleton*, 223 Ill. 2d 458, 472, 861 N.E.2d 999, 1007 (2006)).

¶ 18 Our supreme court has specified counsel is required to perform only those duties outlined by Rule 651(c). *People v. Greer*, 212 Ill. 2d 192, 204-05, 817 N.E.2d 511, 519 (2004). These include the duty to (1) confer with the defendant to ascertain his claims of constitutional deprivations, (2) examine the record of the proceedings at trial, and (3) make any amendment to the *pro se* petition necessary to ensure the defendant's contentions are adequately presented. *Pendleton*, 223 Ill. 2d at 472. "Moreover," the *Pendleton* court said, " '[p]ost-conviction counsel is only required to investigate and properly present the *petitioner's* claims.' " (Emphasis in original.) *Pendleton*, 223 Ill. 2d at 472 (quoting *People v. Davis*, 156 Ill. 2d 149, 164, 619 N.E.2d 750, 758 (1993)). Counsel is not required to advance frivolous or spurious claims on a defendant's behalf. *Pendleton*, 223 Ill. 2d at 472 (citing *Greer*, 212 Ill. 2d at 205). Postconviction counsel is also "not *required* to amend a defendant's *pro se* postconviction petition." (Emphasis added.) *People v. Kirk*, 2012 IL App (1st) 101606, ¶ 21, 978 N.E.2d 248. "In fact, counsel's decision not to amend a defendant's *pro se* petition has been held not to constitute a deprivation of adequate representation where his claim lacks a sufficient factual basis." *Kirk*, 2012 IL App (1st) 101606, ¶ 21.

¶ 19 We start from the presumption, as defendant acknowledges, that a facially compliant Rule 651(c) certificate evinces "reasonable assistance" of postconviction counsel. *People v. Custer*, 2019 IL 123339, ¶ 32, 155 N.E.3d 374. It then becomes the defendant's burden to overcome this presumption "by demonstrating his attorney's failure to substantially comply with the duties mandated by Rule 651(c)." *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19, 974 N.E.2d 813. Our review of an attorney's compliance with Rule 651(c) is likewise *de novo*. *Profit*,

7

2012 IL App (1st) 101307, ¶ 17.

¶ 20        Defendant, in an effort to bring his claims within the ambit of *People v. Johnson*, 154 Ill. 2d 227, 609 N.E.2d 304 (1993), argues postconviction counsel was derelict in his duties, in part, by failing to allege what relevant information certain unknown witnesses might have provided had they been contacted. In *Johnson*, our supreme court, discussing postconviction counsel's duties under Rule 651(c), held counsel was obligated to attempt to obtain and submit affidavits from witnesses *identified* in the *pro se* postconviction petition. *Johnson*, 154 Ill. 2d at 247. Postconviction counsel in *Johnson* admitted he made no effort to investigate or obtain affidavits from witnesses identified in the defendant's *pro se* petition. Here, counsel filed a proper Rule 651(c) certificate, which creates the presumption of compliance. *Custer*, 2019 IL 123339, ¶ 32. Defendant omits to mention that nowhere in his *pro se* "Motion to Withdraw Guilty Plea and Vacate Sentence," his lengthy recitation of facts attached to his *pro se* "Post-Conviction Petition," or as one of a number of exhibits he attached thereto, did he ever identify who the witnesses were or what relevant information he contended they possessed. Notably, there is also no allegation such information was ever given to postconviction counsel. Defendant's petition included no affidavit or copy of the list of witnesses he alleged were known to trial counsel. Even on appeal, counsel can do no more than make general claims of their absence. This is because throughout defendant's posttrial and postconviction claims, he has repeatedly failed to identify how counsel was deficient beyond bare claims that he was. This lack of substance carries over into his appeal, where his brief merely repeats his general allegations of ineffective assistance, *i.e.*, "failed to provide reasonable assistance because [the claims of ineffective assistance] lacked allegations actually explaining how the alleged deficiencies prejudiced [defendant]," or "made no allegations regarding what such witnesses might have

8

testified to, or how such testimony would have supported a choice to proceed to trial." Defendant, who one might think was in the best position to tell us what "deficiencies" or witness testimony he was referencing, provides no detail. His appeal is merely a repetition of his fact-less *pro se* claims. For all we know, there is no such evidence.

¶ 21    As we noted above, at this second stage of the postconviction process, defendant's burden was to make a "substantial showing" of a constitutional violation. See *Pendleton*, 223 Ill. 2d at 473. In doing so, "all well-pleaded facts that are not positively rebutted by the trial record are to be taken as true." *Pendleton*, 223 Ill. 2d at 473. Here, there were no facts, well-pleaded or otherwise, in support of the conclusory allegations defendant presented, first *pro se*, then by appointed counsel, and now by appellate counsel. Since a properly filed Rule 651(c) certificate creates a presumption of compliance (see *Crenshaw*, 2015 IL App (4th) 131035, ¶ 41), we must presume that even after consultation with defendant, counsel had no facts to add. Thus, the State's motion to dismiss was proper. There were no "well-pleaded facts" to be rebutted by the record. Regarding defendant's claim here that postconviction counsel was deficient for failing to contact witnesses, defendant claimed in his motion to withdraw his guilty plea that trial counsel was deficient because he "didn't investigate my witness or theirs [*sic*] statement or didn't investigate my were about [*sic*]." No further information was provided, nor did he submit an affidavit in elaboration of his claim.

¶ 22    In his postconviction petition, he complained about counsel's "lack of efforts to investigate the allegations and evidence as well as the list of witnesses who were valuable to my defense who he never took the time to get their affidavit/statements who he never even took the time to contact when he had their personal information." This too was not supported by an affidavit identifying the witnesses or their expected testimony. "Absent a showing of available

9

material for supporting affidavits, a failure to present affidavits obviously cannot be considered a neglect by the attorney." *People v. Stovall*, 47 Ill. 2d 42, 46, 264 N.E.2d 174, 176 (1970).

¶ 23    Even the amended petition filed by appointed counsel could do no more than allege trial counsel "failed to subpoena witnesses favorable to the Petitioner prior to the trial date." For the first time, he alleged "[t]rial counsel failed to investigate potential alibi witnesses. Petitioner claims he made at least two attempts to contact trial counsel to provide this information," supposedly evidenced by two exhibits. Defendant's exhibits purported to be Macon County Jail Inmate Request Forms from November 20 and December 3, 2014. The November form merely asked for his public defender's contact information and the December form contained one sentence, "I need to speak with [my attorney] about court today i was suppose to hand him my list of witness for my defense." This tells us two things: first, that postconviction counsel obviously communicated with defendant about this issue since there is no way to glean from these exhibits that defendant had "potential alibi witnesses," and secondly, that even after conversing with him, counsel had no more information to add. Since no previous reference to witnesses identified them as "alibi witnesses," this information was uniquely within the control of defendant, yet he submitted no affidavit identifying who they were or to what they could testify, and obviously his postconviction counsel was in no better position to do so after conferring with him. This is not the sort of "substantial showing of a constitutional violation" a defendant is required to present at this second-stage proceeding. *People v. Bailey*, 2017 IL 121450, ¶ 18, 102 N.E.2d 114.

¶ 24    B. Ineffective Assistance of Successive Postconviction Counsel

¶ 25    Defendant's second claim fares no better. Without elaboration, defendant contends his successive postconviction counsel failed to provide reasonable assistance by failing

10

to properly amend the amended *pro se* petition in response to the State's motion to dismiss. Although appellate counsel faults postconviction counsel with his failure to allege prejudice and provide facts in support, he does no differently. There are no factual allegations in this record indicating in what way trial counsel was unprepared for trial, that he failed to disclose DNA information, or that there was any legitimate basis for withdrawing his plea, let alone why or how that somehow prejudiced defendant, who ultimately entered a plea of guilty to the minimum statutory sentence. Appellate counsel does not identify what facts were available to amend defendant's petition to defeat the State's motion, relying once again on a conclusory allegation that their absence was somehow error. By their absence, considering a properly prepared Rule 651(c) certificate, we must presume there were none. *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23, 955 N.E.2d 1200. If we begin with the premise of reasonable assistance created by the existence of a proper Rule 651(c) certificate, a determination of the merit of the *pro se* allegation is critical to any determination of whether counsel acted unreasonably in failing to amend a petition. *Profit*, 2012 IL App (1st) 101307, ¶ 23. Here, neither defendant nor counsel provide us with any sort of factual framework with which to assess the merit of defendant's claims. The failure to amend a *pro se* petition does not constitute inadequate representation where the petitioner fails either to establish that such failure resulted in the omission of a significant allegation or suggest in what manner the petition should have been amended. *People v. Marshall*, 375 Ill. App. 3d 670, 682, 873 N.E.2d 978, 988 (2007). Defendant's argument "presumes *** counsel's failure to amend his petition was the result of some deficiency in his lawyer's performance rather than an inability to substantiate [defendant's] claims." *People v. Bass*, 2018 IL App (1st) 152650, ¶ 14, 116 N.E.2d 413. The repeated recitation of conclusory allegations leads us to the inescapable conclusion there were no facts upon which to base the claims in the

11

first place, and it was defendant's burden to show us otherwise. *Profit*, 2012 IL App (1st) 101307, ¶ 19.

¶ 26      As noted by the State, defendant does not argue his claims have substantial merit, but merely that counsel did not comply with Rule 651(c) and therefore remand is necessary, citing *People v. Suarez*, 224 Ill. 2d 37, 862 N.E.2d 977 (2007), as support. It is true the *Suarez* court said where postconviction counsel did not file a Rule 651(c) certificate and there was no evidence he ever conferred with the defendant, remand was necessary "regardless of whether the claims raised in the petition had merit." *Suarez*, 224 Ill. 2d at 47. This, however, is not the case before us. Counsel filed a proper Rule 651(c) certificate, and it is clear from the record he conferred with defendant. Further, the First District addressed this identical argument in *People v. Zareski*, 2017 IL App (1st) 150836, ¶ 55, 84 N.E.3d 527, and found, "[t]he real key of the *Suarez* holding was not that Suarez's counsel had provided unreasonable assistance, but that Suarez's counsel had violated a supreme court rule." That, it said, was what justified remand regardless of merit.

¶ 27      Defendant also claims his counsel at the second-stage hearing could not adopt the Rule 651(c) certificate filed by prior counsel who actually amended the postconviction petition. This is a non-issue. First, there are several attorneys named who did nothing more than appear with defendant at status hearings while the petition was pending. Appellate counsel cites no case supporting the argument that any attorney in a public defender's office who touches a postconviction file must file a Rule 651(c) certificate. Between the time of filing on February 6, 2017, and when the State's motion to dismiss was heard on December 4, 2018, defendant, who was never shy about communicating directly with the court, did not complain about the allegations contained in his amended petition. Neither of the intervening attorneys named in

defendant's opening brief did anything beyond the above-mentioned appearances. APD Reuter was involved in defendant's case from June 2017 to February 2018. APD Wheeler was assigned from March 2018 to sometime after July 2018 and was still attempting to get all of the transcripts in the case when he was replaced by APD Prebix, who ultimately appeared on defendant's behalf on the State's motion to dismiss in October 2018. Counsel was not present to address the merits of the allegations at a third-stage proceeding, he was there to argue against the State's motion, which he did.

¶ 28        Even when a defendant represented by counsel who has filed a proper Rule 651(c) certificate files additional *pro se* claims, that does not necessitate the filing of another Rule 651(c) certificate. See *People v. Bell*, 2014 IL App (3d) 120637, ¶ 14, 16 N.E.3d 910. Here, defendant does not allege he had additional, new, or different claims but merely that the attorney who ultimately argued against the State's motion had not filed another certificate. Counsel was only required to ascertain the bases for the postconviction petitioner's complaints, shape them into appropriate legal form, and present them to the court. *People v. Davis*, 156 Ill. 2d 149, 162, 619 N.E.2d 750, 757 (1993). That had already been done by way of the amended postconviction petition. Counsel was also only required to present claims which were not frivolous or unsupported by the record, supplemented with whatever additional facts or information were available. *Pendleton*, 223 Ill. 2d at 472. This had also been done. Again, in only the most conclusory fashion, defendant argues on appeal that subsequent counsel should have amended his claims with relevant facts showing how defendant was prejudiced by the claimed deficiencies of trial counsel. Of course, defendant's appellate brief also fails to identify what those facts might be (something which should have been available to counsel by now). Further, defendant does not claim now, nor has he previously, that successive postconviction counsel did not

communicate with him or that defendant submitted additional information to counsel which did not appear in further amendments, or even that he sought any further amendments by counsel. Defendant does not even claim on appeal there were any additional facts from which to claim prejudice. We are merely to assume there were. This is not the type of evidence upon which a defendant can rebut the presumption created by a proper Rule 651(c) certificate. " 'Where there is not a showing that sufficient facts or evidence exists, inadequate representation certainly will not be found because of an attorney's failure to amend a petition or, when amended, failing to make the petition's allegations factually sufficient to require the granting of relief.' " *People v. Spreitzer*, 143 Ill. 2d 210, 221, 572 N.E.2d 931, 936 (1991) (quoting *Stovall*, 47 Ill. 2d at 46).

¶ 29　　　　As for the claim successive counsel should have filed another Rule 651(c) certificate, defendant provides no authority for the proposition that such is necessary if there are no further supportable amendments or issues to be raised and previous counsel has fully complied with Rule 651(c). In *Perkins*, the Illinois Supreme Court discussed the purpose and application of a Rule 651(c) certificate. "A 'certificate' is generally defined as '[a] written assurance, or official representation, that some act has or has not been done, or some event occurred, or some legal formality has been complied with.' " *Perkins*, 229 Ill. 2d at 50 (quoting Black's Law Dictionary 225 (6th ed. 1990)). "Therefore, when an attorney files a certificate under Rule 651(c), the attorney is officially representing to the court that the duties listed in the certificate have been fulfilled." *Perkins*, 229 Ill. 2d at 50.

¶ 30　　　　In the case before us, defendant's former counsel, APD Cloyd, filed an amended postconviction petition on defendant's behalf along with a proper Rule 651(c) certificate. APD Prebix later appeared and argued against the State's motion to dismiss. In the time intervening, although defendant filed several *pro se* petitions and motions, none of them alleged any

14

deficiencies in the amended postconviction petition on file. At the hearing on the motion, counsel chose to "stand" on the certificate already on file. As noted in the State's brief, to "stand" on existing pleadings is to allow them to remain as good. See generally Brief of Plaintiff-Appellee at 24, *People v. Adams*, No. 4-18-0679 (May 20, 2020) (citing Black's Law Dictionary (2nd ed. 1995)). This court noted an appointed postconviction counsel, when confronted with meritless claims, may elect to "stand on the allegations in the *pro se* petition" or withdraw as counsel. *People v. Pace*, 386 Ill. App. 3d 1056, 1062, 899 N.E.2d 610, 616 (2008). In this instance, APD Prebix "adopted" the prior certificate as his own, certifying he performed the same duties as those performed by previous counsel and that defendant was not in a position to make any further amendments to the amended petition. Defendant does not claim otherwise but contends, without any legal support, APD Prebix needed to file an additional certificate. We disagree.

¶ 31                                    III. CONCLUSION

¶ 32            For the reasons set forth above, we affirm the trial court's judgment.

¶ 33            Affirmed.