NOTICE

Decision filed 09/17/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 231347-U

NO. 5-23-1347

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 14-CF-733 |
| | ) | |
| TERRELL A. ADAMS, | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Barberis and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court did not err in dismissing the defendant's second postconviction petition, where he cannot make a showing of either cause and prejudice or actual innocence. As any arguments to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant Terrell A. Adams was sentenced to six years in the Illinois Department of Corrections (IDOC) and ordered to register as a sex offender for life for the offense of predatory criminal sexual assault of a child. He appeals from the dismissal of his second *pro se* postconviction petition. Adams's appointed attorney in this appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks substantial merit. On that basis, OSAD has filed a motion to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), along with a memorandum of law in support of that motion.

1

¶ 3    OSAD gave proper notice to Adams. This court gave him an opportunity to file a *pro se* brief, memorandum, or other document explaining why OSAD should not be allowed to withdraw as counsel, or why this appeal has merit, but Adams has not done so. This court has examined OSAD's *Finley* motion and the accompanying memorandum of law, as well as the entire record on appeal, and has concluded that this appeal does indeed lack merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 4                          I. BACKGROUND

¶ 5                    A. First Postconviction Petition

¶ 6    Adams was charged with predatory criminal sexual assault of a child and entered into a negotiated guilty plea in December of 2014. Pursuant to the plea agreement, he was sentenced to six years in IDOC and required to register as a sex offender for life. In March of 2015, Adams filed a *pro se* motion to withdraw his guilty plea and vacate the judgment, alleging ineffective assistance of counsel. At the hearing on his motion, the State argued that the motion was untimely, having been filed more than 30 days after the entry of the guilty plea. Upon the instructions of the circuit court, the State filed a motion to dismiss in December 2015. The court granted the State's motion. In February of 2016, Adams filed a *pro se* motion for leave to file a late notice of appeal, which the court also denied, on the basis that it had lost jurisdiction over the matter.

¶ 7    In June 2016, Adams filed his first *pro se* postconviction petition, alleging, *inter alia*, that plea counsel rendered ineffective assistance in several ways, including: failing to investigate the allegations against him and the evidence important to his defense, failing to raise the argument that the DNA evidence in this matter was inaccurate and misleading, not stepping down as counsel when requested to do so, and failing to withdraw Adams's plea when requested to do so on the day of the plea. He also claimed that the public defender's office sent him a letter on December 23,

2

2015, which incorrectly stated that the court ruled in his favor on his motion to withdraw the plea; the office sent another letter on January 29, 2016, informing him of the error, and that the motion had been denied. The second letter did not provide the basis for the denial. Adams argued that this deprived him of his right to appeal.

¶ 8   Adams included various attachments with his petition, including the aforementioned letters from the public defender's office, and copies of the DNA lab reports. The lab reports, dated May and June of 2014, indicated that five items of clothing were submitted for testing, but only one was examined. On that item, the lab identified semen in two locations. On one location, the lab found a mixture of male and female DNA profiles, with the male profile matching Adams. The second location was not examined. The circuit court found this petition stated the gist of a claim and appointed the public defender to represent Adams.

¶ 9   Adams's appointed counsel filed an amended postconviction petition in February of 2017, raising two primary claims. Firstly, he argued that trial counsel provided ineffective assistance such that Adams's case would have proceeded to trial if not for counsel's (1) failure to investigate alibi witnesses; (2) lack of preparedness for trial; (3) failure to disclose the contents of the DNA reports to Adams, which showed that a mixture of DNA was found and several items were not tested; and (4) failure to file a motion to withdraw the guilty plea at Adams's request. Secondly, Adams would have timely appealed the dismissal of his motion to withdraw his plea and vacate his sentence, were it not for posttrial counsel's ineffective assistance by incorrectly informing him that the State's motion to dismiss was denied, and failing to inform him that immediate action was necessary to preserve his right to appeal.

¶ 10   The public defender attached documentation of Adams's attempts to discuss alibi witnesses with plea counsel, plea counsel's request for a continuance on the trial date stating that he was not

3

ready for trial for personal reasons, and letters from the public defender's office showing the incorrect information about the State's motion being dismissed. He also filed a certificate asserting compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 11 In March of 2017, the State filed a motion to dismiss the amended postconviction petition. It argued that the petition lacked a sufficient factual basis for the claim that trial counsel was ineffective by failing to investigate witnesses, and that Adams could not show that the result of his case would have been different but for that failure. The State further argued that Adams's remaining claims were similarly conclusory, and that he could not establish prejudice. The State specifically added that Adams had not shown any prejudice resulting from counsel's failure to file a motion to withdraw the plea. It also argued that Adams's *pro se* motion to withdraw his plea and vacate his sentence was untimely, and his opportunity to appeal its dismissal was not affected by posttrial counsel's mistake in informing him of the outcome of his motion.

¶ 12 At the second-stage hearing on the amended petition, the State also argued that Adams could not show that he had a sufficient basis for a motion to withdraw his plea, or that any such timely motion would have been granted. Defense counsel responded that Adams was claiming that he was deceived into making his plea, and his plea was the result of his attorney's unpreparedness for trial. Therefore, he argued, his claim stated a constitutional violation sufficient to proceed to the next stage of the postconviction proceedings. He further contended that although Adams's *pro se* motion was untimely, he could have still appealed its denial had he been properly informed of the outcome.

¶ 13 The circuit court stated that it had reviewed the transcript of the plea, and the transcript showed that Adams was properly given the admonitions pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012) and answered only yes or no; he never told the court that he had any

4

concerns or was under duress. The court further found that the transcript refuted the defense's claims that his attorney was not prepared for trial. Thus, the court granted the State's motion to dismiss Adams's amended postconviction petition.

¶ 14                                    B. First Appeal

¶ 15    Adams appealed, arguing that his first appointed postconviction counsel[1] did not render reasonable assistance pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) in amending his petition, because he failed to provide support for the conclusory allegations. *People v. Adams*, 2020 IL App (4th) 180679-U, ¶ 16. He also argued that successive postconviction counsel failed to reamend the petition to address the State's arguments in its motion to dismiss, and that this attorney could not adopt the Rule 651(c) certificate filed by prior counsel. *Id.* ¶¶ 16, 27.

¶ 16    The Fourth District affirmed the circuit court's dismissal of his petition. The court's decision noted that postconviction counsel filed a facially compliant Rule 651(c) certificate, which created a presumption that counsel provided reasonable assistance. *Id.* ¶ 20 (citing *People v. Custer*, 2019 IL 123339, ¶ 32). The defendant bore the burden of rebutting this presumption "by demonstrating his attorney's failure to substantially comply with the duties mandated by Rule 651(c)." *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. In this case, the court found that there were no facts to support the defendant's conclusory allegations at the second-stage postconviction hearing, and furthermore, given the presumption of compliance per Rule 651(c), it must be presumed that even after consulting with Adams, counsel had no facts to add. *Adams*, 2020 IL App (4th) 180679-U, ¶ 21. The court also found no support for Adams's argument that successive

---

[1]At the second-stage postconviction hearing, Adams was represented by a different public defender than the one who filed the amended petition.

5

postconviction counsel could not adopt the Rule 651(c) certificate filed by prior counsel, and that every individual attorney at the public defender's office who had any involvement with his postconviction case was required to file his or her own certificate. *Id.* ¶ 27.

¶ 17 The court also made specific findings that Adams had failed to show any facts supporting his allegations of ineffective assistance of trial counsel, namely (1) that there were any alibi witnesses for trial counsel to investigate, (2) that trial counsel was in any way unprepared for trial, (3) that trial counsel failed to disclose DNA information, or (4) "that there was any legitimate basis for withdrawing his plea, let alone why or how that somehow prejudiced defendant, who ultimately entered a plea of guilty to the minimum statutory sentence." *Id.* ¶ 25. Regarding Adams's claims of ineffective assistance by successive postconviction counsel for failing to reamend his petition to respond to the State's motion, the court concluded that Adams did not identify any facts that were available to defeat the State's arguments. *Id.* Therefore, the failure to further amend the *pro se* petition did not constitute inadequate representation where Adams could neither show that this failure resulted in any significant omissions nor suggest how the petition should have been amended. *Id.* (citing *People v. Marshall*, 375 Ill. App. 3d 670, 682 (2007)).

¶ 18                              C. Second Postconviction Petition

¶ 19 On September 6, 2023, Adams filed a second *pro se* postconviction petition, alleging violations of his constitutional rights under the first, fourth, sixth, eighth, and fourteenth amendments. His overarching argument was again ineffective assistance of counsel, and he raised the following allegations: (1) that not all the DNA samples were tested, (2) that every public defender assigned to his case had prior knowledge of the DNA results and did not inform Adams, and (3) that the circuit court acknowledged that ineffective assistance occurred but was not presented correctly.

¶ 20     In support, he argued (1) that he was entitled to reversal of his conviction without needing to show prejudice, because he had "suffer[ed] a complete absence of the statutory right to counsel"; (2) the circuit court erred in dismissing his first postconviction petition on the basis that he failed to allege that he asked his attorney to withdraw his plea or appeal, because he was not required to do either in order to pursue postconviction relief; (3) that, regardless of the prior point, he told trial counsel in person and by mail to file a motion to withdraw his guilty plea, and counsel did not do so; and (4) that, specifically because of the various issues relating to the inconsistencies in and disclosure of the DNA evidence, he was deprived of the right to a fair trial, to effective counsel, and to know the evidence against him.

¶ 21     In November 2023, the circuit court issued a written order dismissing Adams's petition. The court summarized the procedural history, noting that Adams had already filed one postconviction petition, and a second petition may only be filed upon a showing of cause and prejudice or actual innocence. The court found that Adams established neither cause nor prejudice, having failed to show any objective factor impeding his ability to raise a specific claim, or that the sentence violated due process. It further found that he had already raised the issues involving the DNA reports before the appellate court.

¶ 22                                D. The Present Appeal

¶ 23     On December 22, 2023, Adams appealed, *pro se*, from the order denying his second postconviction petition. In his *pro se* notice of appeal, he reasserted the claims he made in his second petition. He also argued that he was not challenging his sentence, but rather the DNA evidence, the ineffective assistance of counsel, and the withdrawal of his guilty plea. He further contended that due process permits him to raise a freestanding claim of actual innocence based on newly discovered evidence; that his claim of ineffective assistance had not been presented

7

correctly in his first petition, and was therefore not waived as having been available but not raised in a prior petition; and that he was prejudiced by the deprivation of his liberty based on the "poorness and unfairness" of the evidence and the ineffective assistance of counsel at every stage of the underlying proceedings.

¶ 24     OSAD was subsequently appointed to represent Adams, and we granted OSAD's motion for leave to file a late notice of appeal. OSAD now moves to withdraw as appellate counsel.

¶ 25                                II. ANALYSIS

¶ 26     OSAD argues that dismissal of the petition was proper, and there are no meritorious arguments to the contrary. In the memorandum supporting its *Finley* motion to withdraw as counsel, OSAD reviews the two potential conditions under which the circuit court's denial of Adams's second postconviction petition would have been in error: (1) if he had pled and satisfied the cause and prejudice test; and (2) if he had alleged actual innocence. As neither of these situations applies to the facts in this case, we agree with OSAD that this potential issue is without merit.

¶ 27                      A. The Post-Conviction Hearing Act

¶ 28     The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)) provides a statutory remedy to criminal defendants who claim that substantial violations of their constitutional rights occurred at trial. *People v. Taliani*, 2021 IL 125891, ¶ 53; *People v. Edwards*, 2012 IL 111711, ¶ 21. A postconviction petition is a collateral attack on the judgment, the purpose of which is to " 'allow inquiry into constitutional issues relating to the conviction or sentence that were not, and could not have been, determined on direct appeal.' " *People v. Clark*, 2023 IL 127273, ¶ 38 (quoting *People v. Barrow*, 195 Ill. 2d 506, 519 (2001)). Therefore, "issues that were raised and decided on direct appeal are barred from consideration by the doctrine of *res judicata*,

while issues that could have been raised, but were not, are forfeited." *Taliani*, 2021 IL 125891, ¶ 53 (citing *People v. Holman*, 2017 IL 120655, ¶ 25).

¶ 29    Furthermore, the Act contemplates the filing of only one postconviction petition, and prohibits the filing of a successive petition without first obtaining leave of court to do so. 725 ILCS 5/122-1(f) (West 2022); see also *People v. Tidwell*, 236 Ill. 2d 150, 157 (2010). The defendant waives any claim not raised in his original or amended postconviction petition. *Taliani*, 2021 IL 125891, ¶ 53 (citing *Holman*, 2017 IL 120655, ¶ 25); 725 ILCS 5/122-3 (West 2022).

¶ 30    Our courts recognize two exceptions to the rule against successive postconviction petitions. *Id.* ¶ 55. The first, referred to as the cause and prejudice exception, has been codified in the Act. Section 122-1(f) of the Act states:

> "(f) Only one petition may be filed by a petitioner under this Article without leave of the court. Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure. For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2022).

A defendant invoking this exception must submit enough evidence to allow the circuit court to make a cause and prejudice determination. See *People v. Bailey*, 2017 IL 121450, ¶ 21; *Tidwell*, 236 Ill. 2d at 161.

¶ 31    If the defendant does not show cause and prejudice, his failure to raise a claim in a prior petition will be excused where necessary to prevent a fundamental miscarriage of justice. *People v. Pitsonbarger*, 205 Ill. 2d 444, 459 (2002). To establish such a miscarriage of justice, the defendant must set forth a colorable claim of actual innocence. *Id.*; see also *Taliani*, 2021 IL 125891, ¶ 55. Evidence supporting a claim of actual innocence must be "(1) newly discovered,

9

(2) material and not cumulative, and (3) of such conclusive character that it would probably change the result on retrial." *People v. Robinson*, 2020 IL 123849, ¶ 47.

¶ 32   Because the sufficiency of a postconviction petition is a purely legal question, we review the circuit court's denial of a defendant's motion for leave to file a successive postconviction petition *de novo*. *Id.* ¶ 39. Our Illinois Supreme Court has further held that the denial of a motion for leave to file a successive petition alleging cause and prejudice is reviewed *de novo*. *Id.* (citing *People v. Wrice*, 2012 IL 111860, ¶¶ 49-50).

¶ 33                                 B. Cause and Prejudice Test

¶ 34   We begin our review by noting that Adams did not specifically request leave of court to file a second postconviction petition, and a successive petition is not deemed filed until leave is granted. *Tidwell*, 236 Ill. 2d at 161. While a defendant need not file a separate motion or explicitly request permission to file the successive petition, "it is still defendant's burden to obtain leave, and he must submit enough in the way of documentation to allow a circuit court to make that determination." *Id.*

¶ 35   Having reviewed the procedural history, we find that Adams has failed to identify any objective factor that impeded him from raising any of the issues in his second petition during his initial postconviction proceedings. In his second petition, he argues that he was not informed of the full results of the DNA report, including that not all of the items were tested. He raises the same contentions regarding the DNA evidence that he raised under the theory of ineffective assistance of counsel in his first petition. Similarly, both petitions contain claims of trial counsel's failure to move to withdraw the plea at Adams's request. Our Illinois Supreme Court has held that a defendant cannot satisfy the first prong of the cause and prejudice test "when he did, in fact, raise the specific claim he seeks to raise again in his successive petition. 'There can be no cause for

failing to raise a claim in the initial proceeding when the claim was, in fact, raised in that proceeding.' " *People v. Montanez*, 2023 IL 128740, ¶ 106 (quoting *People v. Conway*, 2019 IL App (2d) 170196, ¶ 25).

¶ 36    To the extent that he attempts to differentiate the claims of his first and second petitions, by, for example, now alleging that the errors regarding the DNA reports were an unconstitutional deprivation of his liberty interest by the State, we find that the underlying facts remain the same. These facts were available to him—and, indeed, raised by him—during the filing of his initial petition. Rewording the claims or altering the theory is insufficient to demonstrate cause.

¶ 37    A defendant must satisfy both prongs of the cause and prejudice test in order to show that a successive postconviction petition is warranted. *People v. Guerrero*, 2012 IL 112020, ¶ 15 (citing *Pitsonbarger*, 205 Ill. 2d at 464). However, we find that Adams is also unable to establish prejudice. In the underlying case, Adams entered into a fully negotiated guilty plea. Based on the arguments he has raised, the alleged grounds for prejudice would be that he did not make a knowing and voluntary plea because counsel did not inform him or raise in his defense that the DNA report was inconclusive, that only one item was tested, that there was additional semen found that was not tested, that the DNA results were inconclusive, and that the DNA match to him did not mean he committed the offense.

¶ 38    In order to establish that he was prejudiced by counsel's decision, Adams would have to overcome the strong presumption that counsel's representation was sound strategy and professional judgment. *People v. Edwards*, 2012 IL App (1st) 091651, ¶¶ 30-31. Notably, the DNA reports did not conflict with the State's factual basis for a finding of guilt, where the tested semen contained a mixture of female DNA and male DNA matching Adams's profile. Therefore, we find

11

that there is no meritorious argument to be made for allowing a successive postconviction petition under the cause and prejudice test.

¶ 39                                                 C. Actual Innocence

¶ 40    In order to show a fundamental miscarriage of justice based on actual innocence, the defendant must present new, non-cumulative evidence "rais[ing] the probability that it is more likely than not that no reasonable juror would have convicted the [defendant] in light of the new evidence." *Robinson*, 2020 IL 123849, ¶ 44. At no point in the history of these proceedings has Adams presented a claim of actual innocence, although on appeal he argues that he is allowed to raise a freestanding claim of actual innocence based on newly discovered evidence.

¶ 41    Regardless, he does not actually raise any newly discovered evidence. Even if he was not aware of the full DNA lab reports until after his guilty plea, he has already raised this issue in his first postconviction petition, and at no point has he presented sufficient facts and authority to show that the DNA results were conclusive enough to "probably change the result on retrial." *Id.* ¶ 47. Furthermore, for the reasons we discussed in the previous section, he would not be able to do so.

¶ 42    Therefore, we find that there is no meritorious argument that the circuit court should have allowed the second postconviction petition based on a showing of actual innocence.

¶ 43                                                 III. CONCLUSION

¶ 44    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 45    Motion granted; judgment affirmed.