2023 IL App (1st) 221644-U

No. 1-22-1644

Order filed December 29, 2023

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois. |
| Respondent-Appellee, | ) | |
| | ) | No. 04 CR 06367 |
| v. | ) | |
| | ) | The Honorable |
| JEROME CARSON, | ) | Joseph M. Claps, |
| | ) | Judge, Presiding. |
| Petitioner-Appellant. | ) | |

JUSTICE C.A. WALKER delivered the judgment of the court.
Presiding Justice Oden Johnson and Justice Hyman concurred in the judgment.

**ORDER**

*Held*:   We affirm the circuit court's dismissal of petitioner's post-conviction petition where post-conviction counsel substantially complied with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 1      This appeal derives from the circuit court's dismissal of Petitioner Jerome Carson's petition

pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)) at the

second stage of proceedings. Carson argues (1) post-conviction counsel's Rule 651(c) certificate

failed to raise a rebuttable presumption of compliance because it is unclear whether counsel reviewed portions of the record necessary to adequately present Carson's claim that he lacked culpable negligence in filing the untimely petition, and (2) even if the presumption of compliance was established, it is rebutted by the record demonstrating post-conviction counsel's unreasonable assistance. For the following reasons, we affirm the circuit court's judgment.

¶ 2                                    I. BACKGROUND

¶ 3     Because the facts underlying the case are set forth in *People v. Carson*, 2021 IL App (1st) 1190810-U, we will only detail the facts pertinent to this appeal. Carson was charged with the offenses of attempted first-degree murder and aggravated arson at a house on the 2600 block of West Washington Street in Chicago after he caused a house fire that resulted in injuries to one of the victims. Pursuant to a fully negotiated plea agreement, Carson pled guilty to the charges and was sentenced to an aggregate term of 32 years' imprisonment on February 21, 2006. On January 30, 2013, Carson filed a petition for relief from judgment pursuant to section 2-1401(f) of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2012)). In October 2013, the court and the parties addressed whether the petition for relief from judgment should be reclassified as a post-conviction petition, and the case was continued for counsel to have further discussion with Carson on the topic. In April 2014, post-plea counsel informed the court that Carson was withdrawing the petition, stating:

> "I have gone through this petition that he filed with – I went to State[s]ville on Monday.
> We went through. We discussed some case law with regard to it. At this point, he is going
> to withdraw this petition, Judge. If, in the future, he feels that there is something relevant

that he needs to file, he can go ahead and re-file it, Your Honor can appoint us if you think it's pertinent. But at this point, with what he has filed, we're withdrawing it."

¶ 4    On March 9, 2015, Carson filed a *pro se* post-conviction petition arguing (1) his absence from a Rule 402 conference held prior to the guilty plea hearing deprived him of due process; (2) his conviction for aggravated arson violated the one-act, one-crime rule; and (3) he was denied effective assistance of counsel because a plea agreement was reached during a Rule 402 conference without his presence and consent and his guilty plea was not knowing and intelligent. The petition advanced to the second stage of post-conviction proceedings, and the State filed a motion to dismiss. In the motion, the State argued the petition was untimely and Carson failed to make a substantial showing of a constitutional violation. The court granted the motion to dismiss. Carson appealed, asserting post-conviction counsel rendered unreasonable assistance when he failed to amend the petition to present factual allegations of Carson's lack of culpable negligence in filing the untimely petition. Finding counsel was unreasonable, this court reversed the circuit court's decision and remanded for a new second stage proceeding. *People v. Carson*, 2021 IL App (1st) 1190810-U.

¶ 5    On remand, the court appointed the public defender's office to represent Carson. Post-conviction counsel subsequently filed several documents. Post-conviction counsel filed a supplemental petition for post-conviction relief on the alleged violation of the one-act, one-crime rule. Additionally, post-conviction counsel filed a response to the State's motion to dismiss accompanied by Carson's affidavit. In the affidavit, Carson averred:

"6. The untimeliness of my post-conviction petition was due to the fact that I am not a lawyer and have not been educated in the complexities of the law.

7. I assumed that it was my attorney's duty to correct any mistake regarding my plea.

8. I believe that my petition is not untimely because my sentence is void under the one act one crime rule and challenges to void judgments can be raised at any time."

¶ 6    Post-conviction counsel also filed a Rule 651(c) certificate stating he (1) "consulted with the petitioner, Jerome Carson, by phone, mail, electronic means or in person to ascertain his contentions of deprivation of constitutional rights," (2) "examined the record of proceedings at the guilty plea, including the common law record, report of proceedings, and any exhibits in possession of the Clerk of the Circuit Court," and (3) "made amendments to the petition filed *pro se*, they are necessary for an adequate presentation of petitioner's contentions."

¶ 7    The court held a hearing on the motion to dismiss. The State argued that the reasons for the untimely filing on the petition stated in Carson's affidavit were not "valid excuse[s]" to overcome the timeliness provision of the Post-Conviction Hearing Act. The State further argued Carson's claims of a due process violation and an involuntary guilty plea were contradicted by the record and his sentence did not violate the one-act, one-crime rule.

¶ 8    As to the petition's timeliness, post-conviction counsel argued:

"Mr. Carson's filing is not considered untimely if he can show the delay was not due to his culpable negligence.

On March 15th, 2022, the petitioner filed an affidavit which outlines the reasons behind the delay. Therein being that petition is not a lawyer and was not educated in the complexities of the law. And like in most areas of the law, Mr. Carson assumed that his attorney had the duty to correct the constitutional violation outlined in Mr. Carson's petition. Upon learning otherwise, Mr. Carson filed his *pro se* petition immediately.

Through Mr. Carson's research, he believed that his sentence was void under the one-act, one crime rule, and he believes that challenges to avoid judgment can be raised at any time.

As the Illinois Supreme Court found in *People v. Boclair*, the standard of culpable negligence allows the court to determine the timeliness of the petition on an individual basis. The Court found that the culpably negligent standard contemplates something greater than ordinary negligence and is akin to recklessness.

In this case, Mr. Carson wasn't being reckless, he merely was ignorant of the process and this caused a delay in filing."

¶ 9    As to the petition's substantive claims, post-conviction counsel acknowledged that the plea offer did not derive from a Rule 402 conference and, therefore, Carson did not suffer a due process violation for his absence. Post-conviction counsel then argued that Carson made a substantial showing of constitutional violations on the remaining two claims. Specifically, post-conviction counsel claimed Carson's convictions violated the one-act, one-crime rule because they were based on igniting a fire on the same victim. Counsel further contended Carson's guilty plea was not knowing and intelligent because he was not informed of the State's plea offer until the morning of the hearing and was not given time to consider the offer.

¶ 10    At one point, the court inquired about Carson's culpable negligence argument:

THE COURT: And I don't understand your argument of the fact that he's not educated on the complexities of the law.

So is it your position that anybody that's – oh, I'm sorry, and that he expected his lawyer to raise constitutional issues.

Did he speak to his lawyer about issues he had after the plea?

[POST-CONVICTION COUNSEL]: After the plea, your Honor?

THE COURT: Well, yeah, that's when he says he realized that his constitutional rights were violated. That's what you just told me.

[POST-CONVICTION COUNSEL]: Yes, when he realized that, that's when he filed his post-conviction petition.

THE COURT: So, what, in 2015, it came to him?

[POST-CONVICTION COUNSEL]: Yes, your Honor."

¶ 11    The court granted the motion to dismiss and denied the post-conviction petition on October 24, 2022. In its written order, the court made no reference to the petition's timeliness. Instead, the court determined the petition failed to make a substantial showing of a constitutional violation. The court found Carson was not denied due process because no Rule 402 conference occurred and his claim that he was not admonished under Rule 402(c) was contradicted by the record. The court further found that it was "clear" from the indictment that the aggravated arson count was a separate act from the attempted first-degree murder count. The court also found that Carson's ineffective assistance of counsel and involuntary guilty plea claims failed where the underlying allegations lacked merit. This appeal follows.

¶ 12                                   II. JURISDICTION

¶ 13    On October 24, 2022, the circuit court summarily dismissed Carson's petition at the second stage of post-conviction proceedings. Carson filed a notice of appeal on the same day. Therefore, we have jurisdiction over this appeal pursuant to article VI, section 6 of the Illinois Constitution

(Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 651(a) (eff. July 1, 2017), which governs appeals in post-conviction proceedings.

¶ 14                                     III. ANALYSIS

¶ 15    On appeal from the circuit court's denial of the post-conviction petition at the second stage, Carson argues post-conviction counsel's Rule 651(c) certificate failed to raise a rebuttable presumption of compliance because it is unclear whether counsel reviewed portions of the record necessary to adequately present Carson's claim that he lacked culpable negligence in filing the untimely petition. Carson further claims that even if the presumption of compliance was established, it is rebutted by the record demonstrating post-conviction counsel's unreasonable assistance.

¶ 16    The Post-Conviction Hearing Act provides a mechanism by which a criminal defendant can assert that his conviction and sentence were the result of a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. *People v. Coleman*, 183 Ill. 2d 366, 378-79 (1998) (citing 725 ILCS 5/122-1 West (1994)). The Act provides a three-stage process for adjudicating post-conviction petitions. *People v. English*, 2013 IL 112890, ¶ 23. At the second stage, the State is allowed to file either a motion to dismiss or an answer to the petition, and the court determines whether the petitioner has made a substantial showing of a constitutional violation. 725 ILCS 5/122-5 (West 2022); *People v. Johnson*, 2018 IL 122227, ¶ 15.

¶ 17    Additionally, counsel may be appointed at the second stage if the petitioner is indigent. 725 ILCS 5/122-4 (West 2022); *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006). A petitioner has no constitutional right to effective assistance of counsel in post-conviction proceedings. *People v. Greer*, 212 Ill. 2d 192, 203 (2004). Rather, a petitioner has a statutory right to reasonable assistance

of counsel. *People v. Hardin*, 217 Ill. 2d 289, 299 (2005). Statutory reasonable assistance is something "less than that afforded by the federal or state constitutions." *Pendleton*, 223 Ill. 2d at 472.

¶ 18    To ensure that individuals receive reasonable assistance, Rule 651(c) requires that post-conviction counsel: (1) consult with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights; (2) examine the record of the proceedings at the trial; and (3) make any amendments to the petitioner's *pro se* petitions that are necessary to adequately present the petitioner's contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Post-conviction counsel establishes compliance with Rule 651(c) by filing a certificate representing that counsel fulfilled these requirements. *People v. Perkins*, 229 Ill. 2d 34, 50 (2008). The certificate creates a rebuttable presumption that counsel provided reasonable assistance during second-stage proceedings. *Id.* at 52. The petitioner bears the burden of overcoming this presumption by demonstrating "his attorney's failure to substantially comply with the duties mandated by the Rule 651(c)." *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19.

¶ 19    Carson first argues post-conviction counsel's Rule 651(c) certificate failed to raise a rebuttable presumption of compliance because it is unclear whether counsel reviewed portions of the record necessary to adequately present Carson's claim that he lacked culpable negligence in filing the untimely petition. The State alleges Rule 651(c) only requires that counsel review prior proceedings relevant to Carson's constitutional claims, not lack of culpable negligence arguments.

¶ 20    Our supreme court held Rule 651(c) does not require post-conviction counsel to examine the entirety of a petitioner's trial proceedings. *People v. Davis*, 156 Ill. 2d 149, 164 (1993). There, the post-conviction counsel filed a certificate of compliance wherein he averred to examining the

record of proceedings at the trial and attached the transcript of the *voir dire* examination at petitioner's trial to the post-conviction petition. *Id.* at 161, 165. On appeal, the petitioner claimed the post-conviction counsel failed to comply with Rule 651(c)'s requirement that counsel must examine the record of proceedings because counsel only examined the transcripts of the *voir dire* examination. *Id.* at 161. The supreme court concluded "counsel is required to examine as much of the transcript of proceedings as is necessary to adequately present and support those constitutional claims raised by the petitioner." *Id.* at 165. Applying this principle, the court found the post-conviction counsel substantially complied with Rule 651(c) where he reviewed and attached the transcripts relevant to the petitioner's claim, and the petitioner did not argue that additional portions of the trial transcript would have supported his claim. *Id.* at 165.

¶ 21    Relying on *Davis*, the supreme court in *Turner* found that a post-conviction counsel's failure to examine transcripts for five dates during the petitioner's sentencing proceeding did not violate Rule 651(c). *People v. Turner*, 187 Ill. 2d 406, 411-12 (1999). The court explained that post-conviction counsel is only required to examine as much of the transcript of proceedings as is necessary to adequately present and support petitioner's constitutional claims and the petitioner did not allege any constitutional violations based on any matters discussed in the transcripts at issue. *Id.* "To require counsel to examine portions of the record which have no relevance to petitioner's claims would be an exercise in futility." *Id.* at 412.

¶ 22    Here, like in *Davis* and *Turner*, post-conviction counsel's failure to examine other portions of the record of proceedings did not violate Rule 651(c) where he examined the portions necessary to present and support Carson's claims. In the post-conviction petition, Carson raised three issues surrounding his guilty plea proceeding: (1) his absence from a Rule 402 conference held prior to

the guilty plea hearing deprived him of due process; (2) his conviction for aggravated arson violated the one-act, one-crime rule; and (3) he was denied effective assistance of counsel because a plea agreement was reached during a Rule 402 conference without his presence and consent and his guilty plea was not knowing and intelligent. When the petition advanced to the second stage, appointed post-conviction counsel filed a certificate of compliance wherein he averred that he "examined the record of proceedings at the guilty plea, including the common law record, report of proceedings, and any exhibits in possession of the Clerk of the Circuit Court." Carson only raised claims relevant to the guilty plea proceeding, and counsel reviewed the portion of the record of proceedings necessary to adequately present and support Carson's claims. Therefore, we find the post-conviction counsel's certificate raised a rebuttable presumption of compliance with Rule 651(c).

¶ 23    Next, Carson claims that even if the certificate raised a presumption of compliance with Rule 651(c), the presumption is rebutted by the record demonstrating post-conviction counsel's unreasonable assistance in (1) failing to amend the petition to allege the available facts showing the untimely petition was not the result of Carson's culpable negligence and (2) incorrectly informing the circuit court that Carson discovered his claims when he filed the petition in 2015. The State claims post-conviction counsel rendered reasonable assistance because he presented the best available argument for lack of culpable negligence. Even if counsel's performance was unreasonable, Carson was not prejudiced because the court granted the motion to dismiss solely on the basis that the allegations were without merit.

¶ 24    As to Carson's argument that post-conviction counsel failed to raise the available facts necessary to establish lack of culpable negligence, section 122-1 of the Act provides, "If a

defendant does not file a direct appeal, the post-conviction petition shall be filed no later than 3 years from the date of conviction, unless the petitioner alleges facts that the delay was not due to his or her culpable negligence." 725 ILCS 5/122-1 (West 2022). Culpable negligence "contemplates something greater than ordinary negligence and is akin to recklessness." *People v. Boclair*, 202 Ill. 2d 89, 108 (2002).

¶ 25     *Perkins* is instructive on this issue. There, the court explained post-conviction counsel's duty to overcome section 122-1's timeliness requirement:

> "In sum, consistent with the plain language of Rule 651(c), its purpose, and our prior decisions, we hold that Rule 651(c) requires counsel to amend an untimely *pro se* petition to allege any available facts necessary to establish that the delay was not due to the petitioner's culpable negligence. In discharging this duty, counsel must inquire of the petitioner whether there is any excuse for the delay in filing. As a practical matter, any potential excuse for the late filing will often be discovered by speaking with the petitioner. Counsel must also allege any excuse for the delay in filing apparent from the pleadings and the portions of the record counsel must review to present petitioner's claims." *Perkins*, 229 Ill. 2d at 49-50.

¶ 26     Here, post-conviction counsel fulfilled the duty under *Perkins*. In the certificate of compliance, post-conviction counsel averred that he consulted with Carson and examined the guilty plea proceeding, the portion of the record pertinent to Carson's claims. Post-conviction counsel filed an affidavit wherein Carson explained (1) he was "not a lawyer and had not been educated in the complexities of the law"; (2) he believed it was his "attorney's duty to correct any mistake regarding [his] plea; and (3) he believed his sentencing issue raised a challenge to a void

judgment that could be raised at any time. Post-conviction counsel reiterated these reasons during the hearing on the State's motion to dismiss the petition.

¶ 27    Carson argues that available facts of his lack of culpable negligence are present in the transcripts pertaining to the 2012 petition for relief from judgment. Specifically, after Carson filed the petition for relief from judgment, the court and the parties discussed whether to reclassify the petition for relief from judgment as a post-conviction petition. A few months later, Carson's post-plea counsel informed the court that Carson was withdrawing the petition:

> "I have gone through this petition that he filed with – I went to State[s]ville on Monday. We went through. We discussed some case law with regard to it. At this point, he is going to withdraw this petition, Judge. If, in the future, he feels that there is something relevant that he needs to file, he can go ahead and re-file, Your Honor can appoint us if you think it's pertinent. But at this point, with what he has filed, we're withdrawing it."

¶ 28    We find Carson's argument unpersuasive. As previously stated, Rule 651(c) did not require post-conviction counsel to examine the transcripts regarding the 2012 petition for relief from judgment where Carson did not raise any claims pertinent to that proceeding. See *Turner*, 187 Ill. 2d at 411-12 ("Rule 651(c) requires post-conviction counsel only to examine as much of the transcript of proceedings as is necessary to adequately present and support those constitutional claims raised by the petitioner." (Internal quotation marks omitted.)).  Furthermore, Carson failed to explain how the withdrawal of his petition from relief from judgment showed he lacked culpable negligence in filing the post-conviction petition. Indeed, Carson did not raise any claims until he filed the petition for relief from judgment six years after he pled guilty and three years after the statutory limitation for filing a post-conviction petition had expired. Even if we believe Carson did

not discover his claims until he filed the petition for relief from judgment in 2015, post-plea counsel's statement still does not explain why Carson waited another two years to file the post-conviction petition. Our reading of counsel's statement reveals Carson made a conscious decision to forgo reclassification and withdraw the petition from relief from judgment after consulting with counsel indicating his contribution in delaying the filing of the post-conviction petition. We unfortunately do not have any information on the conversation between Carson and post-plea counsel to get a better understanding of the advice that influenced Carson's decision. Consequently, we do not see how post-conviction counsel failed to present available facts of Carson's lack of culpable negligence from the portion of the 2012 petition for relief from judgment.

¶ 29    Additionally, Carson contends that counsel rendered unreasonable assistance because he incorrectly informed the court that Carson discovered his claims when he filed his post-conviction petition in 2015 although Carson previously raised the one-act, one-crime issue in his 2012 petition for relief from judgment. Even so, counsel's alleged misstatement does not render his assistance unreasonable.

¶ 30    Our supreme court's decision in *People v. Cotto*, 2016 IL 119006, provides guidance. There, the petitioner filed a post-conviction petition that advanced to the second stage proceeding. *Id.* ¶¶ 9-11. At the second stage, the State filed a motion to dismiss arguing, *inter alia*, the petition was untimely filed. *Id.* ¶ 12. The post-conviction counsel filed a response asserting the petitioner's reason for the untimeliness. *Id.* ¶ 13. The post-conviction court granted the State's motion to dismiss without reference to timeliness. *Id.* ¶ 14. On appeal, the petitioner argued that post-conviction counsel rendered unreasonable assistance because he failed to provide an adequate explanation for the filing of his untimely petition. *Id.* ¶ 44. The supreme court held the petitioner

failed to demonstrate post-conviction counsel provided unreasonable assistance where (1) the petitioner did not provide any additional information that counsel should have included on the timeliness issue; (2) the petitioner did not state when counsel was retained in relation to filing the petition; and (3) the record demonstrated that the petition was not dismissed based on untimeliness. *Id.* ¶ 50.

¶ 31 Similarly, we find counsel fulfilled his duties under Rule 651(c) despite his alleged misstatement. Rule 651(c) requires that counsel present any available facts necessary to establish Carson's lack of culpable negligence in filing the untimely petition. The record shows post-conviction counsel filed an affidavit detailing various reasons for the delay and reiterated these reasons at the hearing on the State's motion to dismiss the petition. Carson failed to present any additional reasons evinced in the record that counsel should have raised before the court. Notably, the court reviewed the merits of the post-conviction petition and did not reference the late filing in its reasons for dismissing the petition. This fact speaks to the viability of counsel's arguments for bypassing section 122-1's timeliness requirement. Under these circumstances, we find Carson failed to rebut the presumption of compliance. As such, we hold post-conviction counsel substantially complied with Rule 651(c).

¶ 32                              IV. CONCLUSION

¶ 33 We find post-conviction counsel created a rebuttable presumption of compliance with Rule 651(c) and Carson's arguments of counsel's unreasonable assistance failed to rebut the presumption. Therefore, we hold post-conviction counsel substantially complied with Rule 651(c). Accordingly, we affirm the circuit court's dismissal of the post-conviction petition.

¶ 34 Affirmed.